## Case No. 16,043.

### UNITED STATES v. PICKETT et al.

[1 Bond, 123.] [2]

District Court, S. D. Ohio. April Term, 1857.

#### RECOGNIZANCE—LIABILITY OF SIGNERS—ACKNOWLEDGMENT.

1. Where a defendant and another person signed a recognizance before a justice of the peace, conditioned for the appearance of the defendant, before the district court of the United States, to answer to a charge of stealing from the mail; and three days subsequently to said signing, a third person, whose name did not appear in the body of the recognizance, also signed the same: *Held,* that a joint action could not be sustained against all of said persons upon such recognizance, and that it did not, upon its face, import a joint liability on the part of all the signers thereof.

2. There is no statutory provision, either of the United States or of the state of Ohio, requiring parties to sign a recognizance.

3. An acknowledgment, without the signatures of the parties, certified by a justice of the peace, is all that is required to make a recognizance valid and obligatory.

[Cited in Heyward v. U. S., 37 Fed. 765.]

At law.

[1] [Reported by Hon. William Cranch. Chief Judge.]
[2] Reported by Lewis H. Bond, Esq., and here reprinted by permission.]

D. O. Morton, U. S. Dist. Atty.
W. M. Dickson, for defendant Harding.

LEAVITT, District Judge. The declaration in this case avers, that on September 9, 1854, Sophia B. Williamson, and on the 12th of September, in said year, William Harding, together with one Pickett, as to whom the process is returned not served, entered into a recognizance before Nathan Guilford, a justice of the peace for Hamilton county, by which they acknowledged themselves jointly and severally to owe the United States the sum of two thousand dollars, on the condition that the said Pickett should fail to appear before the district court of the United States, next to be held for the Southern district of Ohio, to answer to a charge of feloniously stealing from the mail of the United States. The declaration then avers that the said Pickett did not appear, and that the recognizance was duly forfeited, whereby the United States became entitled to said sum of two thousand dollars. The defendant, Harding, appeared by his counsel, and having craved oyer of the recognizance, has demurred generally to the declaration. It is on this demurrer that the question now to be decided is presented. No brief has been filed, nor any authority cited, by counsel on either side. After a good deal of examination the court has not been able to find any decided cases bearing on the point raised by this demurrer.

The question presented is, whether the recognizance, as to the defendant, Harding, is valid and obligatory. The facts, as they appear from the recognizance, and as averred in the declaration, are that on the 9th of September, Pickett, the accused person, and the said Sophia B. Williamson, appeared before the justice and signed the recognizance, acknowledging themselves jointly and severally to owe the sum before stated, on the condition set forth. To this the justice of the peace annexed his certificate, in the following words: "Taken and acknowledged before me, this 9th of September, 1854, Nathan Guilford, Justice of the Peace." On the 12th of September the defendant, Harding, appeared and signed the recognizance; and the justice thereupon added a memorandum, as follows: "Signed by William Harding, this 12th day of September, 1854, and acknowledged before me, N. Guilford, J. P." The name of Harding was not, however, inserted in the body of the recognizance. It is not necessary to decide whether Harding is liable, on the facts as they are before the court, to a separate suit, as on a recognizance entered into by him at a time subsequent to that by which the other parties became bound. The question immediately arising on this demurrer is, whether the recognizance on which this suit is brought, by fair legal construction, imports a joint liability on the part of Harding with

the other parties, so that he may be joined with them in this suit.

My reflections on this point have led me to the conclusion that there is no such liability, and that the demurrer to the declaration must be sustained. It is clear that the recognizance entered into by Pickett and Williamson, on the 9th of September, and certified by the justice, was a perfect and valid instrument. It was an acknowledgment of a joint and several liability on the condition set forth. This acknowledgment, without the signature of the parties, with the certificate of the justice, was all that was required to make the recognizance valid and obligatory. There is no statutory provision, either of the United States or of the state of Ohio, requiring the parties to sign a recognizance. Harding's name does not appear in the recognizance as one of the parties making the acknowledgment; and he is not otherwise connected with it than by the fact that he appeared on a subsequent day and put his name to it. The memorandum of the justice, that Harding appeared on the 12th of September and signed the recognizance and acknowledged such signing, did not make him a party to the instrument. It was, no doubt, competent for the justice to have taken a separate recognizance from him; and this would have been the correct course of procedure. But, without his name in the body of the instrument, his signature to the recognizance, at a subsequent day, did not make him a party to it, and thereby create a joint and several liability with the other parties. As before intimated, it may be that the certificate of the justice as to such signing might, by a very liberal construction, be deemed sufficient evidence that he did enter into a separate recognizance, but does not connect him with the instrument, already perfect and complete in itself, as a party to it.

The demurrer to the declaration must be sustained.