Davis, J.,
delivered the opinion of the court:
Plaintiff holds the dual office of clerk of the Circuit Court and clerk of the District Court of the United States for the district of Indiana, and,, while other questions were raised, the course of the argument has reduced the issue to one point of law, to wit, against which court, both being in session at the same time, he is to charge his per diem allowance. The clerk ha's charged it against the District Court, for the reason, probably, that the receipts in that court are small enough to enable him to obtain from them the full amount of his compensation. To this the accounting officers object, saying that to do this is to subordinate the law to the clerk’s personal advantage, and they have adjusted his accounts upon the following theory:
The total earnings of both courts is ascertained, and also the total expenses. The earnings of the District Court are found to be a certain percentage of the total earnings of both courts, so the accounting officers charge against the District Court this percentage only of the expenses, thus reducing plaintiff’s emolument proportionately. The plaintiff, on the contrary, believes that he is entitled to a full fee for each day’s attendance on court, and when both sit at the same time that he may charge his per diem to that court whose receipts are of such a character as permit him to receive the larger compensation.
A clerk can charge to the Government only those fees prescribed by law (Rev. Stat., § 823), and among those fees the only one not dependent upon the amount of labor performed, but whose amount is fixed by the character of the rervice alone, is the per diem of $5 for each day’s attendance on the court while actually in session (§ 828, Bell v. The United States, ante), and the amount of the fee is again limited to this extent, that when the two courts, the circuit and district, sit at the same time, no greater per diem or other allowance shall be made to the clerk than for an attendance upon one court (§ 831), nor is the clerk holding both offices, to wit, the clerkship of the Circuit Court and the clerkship of the District Court, jiermitted *165 to retain from the fees and emoluments of both offices, above necessary expenses, a sum exceeding $3,500 a year, or exceeding that rate for any time less than a year (§ 839), and no balances can be carried from year to year to the clerk’s advantage (§ 843.)
Section 828 (Revised Statutes), secures to a clerk, whether of one of the two courts, or whether, as in this case, holding a dual office, a fixed fee of $5 a day “for his attendance on the court while actually in session,” holding both offices he is to get no less when only one court sits, and no more when both courts sit at the same time (§ 831), but the statute lacks airy provision as to the fund against which the fee is to be charged in the latter instance. In this case both courts were in session two hundred and eighty-five days; to charge the per diem against the District Court upon the percentage basis adopted at the Treasury would materially reduce the plaintiff’s emolument. In exercising his option as to the court against which he shall charge his per diem plaintiff may come nearer to reaching the maximum of fees permitted by statute by charging it to the District Court than by following a fixed rule of apportionment in relation to it.
As the statute makes no provision in terms on this question, the rule announced by this court in Moore v. United States (4 C. Cls. R., 141) would seem to apply:
“ In the construction of statutes which fix the compensation of public officers the rule of interpretation, as held by the courts, is that where the words of a statute are loose and obscure and admit of two meanings, they should be construed in favor of the officers. (Citing U. S. v. Morse, 3 Story, 87; see also U. S. v. Collier, 3 Blatchf., 333.)”
This fee is a fixed fee, the only fee that depends entirely upon the class of service as distinct from the amount; for a full day’s service in two courts plaintiff receives but one per diem; conversely, for a short day’s service in one court the law allows the same fee. It was not intended that this fee should in any way depend upon the amount of business transacted by the court, a matter over which the clerk can have no control, but it was intended that for each day’s attendance upon one or both courts he should receive $5, provided this with his other-fees do not exceed the maximum of $3,500. (§ 839.)
If there were two clerks holding these offices instead of one *166 clerk holding the dual office, each would charge his per diem against, the court upon which he attended, and the Government would pay a double fee. When one clerk does the duty of two it would seem to be unjust to so force him to make his charges as to reduce his emolument below a single fee for the double labor performed when there exists a fund from which it may properly be paid. If the District Court in Indiana sat alone the claimant without doubt could have charged his per diem against it, and would have received the full compensation he asks. Is he to be placed in a worse position because the Circuit Court sits at the same time and he attends that also ? Such a conclusion, in the lack of statutory provision to the contrary, seems to us unjust, for it results in reducing compensation as labor increases. (United States v. Bassett, 2 Story, 389.)
We conclude that the previous rulings of the Department, to which we are informed it has' returned since this controversy arose, were correct.
Judgment for the plaintiff in the sum of $731.47.