## HEYWARD v. UNITED STATES.

*(District Court, D. South Carolina. February 26, 1889.)*

1. UNITED STATES COMMISSIONERS—FEES—ORDERS OF COMMITMENT AND DIS-
CHARGE.
   United States commissioners are entitled to fees for written orders of com-
   mitment and discharge of persons necessarily remaining in the custody of
   the commissioners over night.

2. SAME—RECOGNIZANCES—ACKNOWLEDGMENTS.
   A commissioner is entitled to but one fee for each recognizance acknowl-
   edged before him, though each recognizance may be acknowledged by several.

3. SAME—TRANSCRIPT OF DOCKET.
   A commissioner is entitled to a fee for a transcript of docket for the circuit
   court, made under the peremptory order of the court.

At Law.

Action by Julius H. Heyward against the United States for fees as
commissioner.

*John R. Bellinger*, for plaintiff.

*H. A. De Saussure*, Asst. U. S. Dist. Atty.

SIMONTON, J. The plaintiff is a commissioner of the courts of the
United States in this district. He brings his action on the following ac-
count, for the period between 1st January, 1887, and 31st March, 1888;
making dockets in 33 cases in which issue was joined, and testimony
taken, $99; for making dockets in 5 cases in which no testimony was
was taken, $10; for issuing 16 temporary commitments, $20; for issu-
ing 6 orders for discharge of defendants, $1.50; for taking 24 acknowl-
edgments, $6; for transcript of docket for November term, 1887, of cir-
cuit court, 20 folios, $3. The docket has been exhibited in evidence,
carefully and accurately kept. The commitments of persons whose ex-
amination extended beyond one day have been proved. So, also, with
the orders of discharge. The item for acknowledgments is made up of
charges for the acknowledgment of recognizances by parties, one charge
being made for each name signed to the recognizance, and not for each
recognizance. The transcript of the docket was made and sent up un-
der an order of the circuit court passed December 8, 1881, in accordance
with the request of the attorney general, and precisely in the words re-
quested. The charge for docket fees must be disallowed for the reasons
given in *Calvert* v. *U. S.*, *ante*, 762, (just filed.) The charge for tempo-
rary commitments is allowed because the commitments are deemed nec-
essary. When the deputy-marshal, under warrant, arrests a person, and
brings him before a commissioner, the exigency of the warrant is ful-
filled. Thenceforward the person is in the custody and at the disposal
of the commissioner. If his examination is not completed in one day,
and stands over, the commissioner, for his own protection, as well as in
the interest of the law, must commit him. He has no place of his own,
or, rather, he cannot be required to have a place of his own, in which
to imprison persons. Hence, if he is within reach of the jail, he can

commit him to the care of the jailer. This should be done in writing. The protection of the liberty of the citizen, the safety of the jailer, the accuracy of his claim on the government, all require that no person should be imprisoned except upon an order distinctly stating when, by whom, and for what, he is imprisoned. So with the discharge of a person. How can a jailer safely discharge him without an order in writing? How can a jailer properly present his claim to the government unless he can produce a voucher showing when the custody ended, as well as when it began? How can a person in custody force his discharge, if he cannot establish by indisputable evidence that he has been discharged? If the evidence remain in parol, or *in pais*, the death, removal, or silence of the commissioner may imprison him indefinitely. These items for commitments and discharges are allowed.

The items for acknowledgments are proved thus: Recognizances were taken by the commissioner, and acknowledged before him. This acknowledgment is not a mere form, nor is it simply another mode of witnessing. It has been held that the acknowledgment and signature of the commissioner makes the recognizance binding, even if the parties do not sign it. *U. S.* v. *Pickett*, 1 Bond, 123. The recognizance must be acknowledged before the commissioner, and is binding because so acknowledged. This gives this form of obligation its distinctive character. A recognizance is more than an ordinary bond. It can be estreated and enforced as a judgment; and its name, "recognizance," that is to say, "acknowledgment," shows the importance of the acknowledgment before the commissioner. But this recognizance, though the recognizance be signed by several, is but one act. The parties acknowledge before the commissioner that they are bound, and his signature completes the act. *U. S.* v. *Pickett, supra.* But one fee can be charged for the acknowledgment on each recognizance.

The transcript of the docket for the circuit court was made under the peremptory order of the court. The charge for this is allowed. Let a decree be entered in accordance with this opinion.