GOODRICH, Clerk, etc., *v.* UNITED STATES.

*(District Court, E. D. Arkansas, W. D.   March 8, 1890.)*

1. UNITED STATES COMMISSIONERS—COMPENSATION—DOCKET FEES.
     Under the provision in the deficiency appropriation bill of August 4, 1886, (24 St. at Large, 274,) denying docket fees to commissioners, such docket fees cannot be allowed. Following *Crawford* v. *U. S.*, 40 Fed. Rep. 446.

2. SAME—ACKOWLEDGMENTS TO RECOGNIZANCES.
     Rev. St. U. S. § 847, which allows commissioners 25 cents for "taking an acknowledgment," applies to acknowledgments to recognizances. Following *McKinstry* v. *U. S.*, 40 Fed. Rep. 813.

3. SAME—SUBPŒNAS.
     The commissioner may charge for issuing two subpœnas in the same case, where the witnesses reside in opposite directions, and have to be subpœnaed by different officers. Following *Jones* v. *U. S.*, 39 Fed. Rep. 410.

4. SAME—WARRANTS.

He may also charge for issuing several warrants in a case where there are several defendants.

5. SAME—HEARING.

Where a defendant is brought before a commissioner, and upon hearing the complaint read waives examination and gives bond, such proceedings constitute a hearing for which the commissioner is entitled to fees.

6. SAME—DRAWING RECOGNIZANCES—RETURNS.

Under Rev. St. U. S. § 847, which allows commissioners "for issuing any warrant or writ and for any other service the same compensation as is allowed to clerks for like services," a commissioner is entitled to fees' for drawing recognizances and complaints and entering returns on writs in criminal cases. Following *Rand* v. *U. S.*, 36 Fed. Rep. 671.

7. CLERK OF COURT—COMPENSATION IN CRIMINAL CASES.

The clerk's fees for entering orders approving accounts of commissioners and the district attorney, for entering report of money paid into court and filing vouchers pursuant to a standing order of the court and Rev. St. U. S. § 798, for making transcripts required by 24 St. at Large, p. 507, § 10, when ordered by the district attorney, and for entering an order appointing an attorney to defend a poor person, are all chargeable to the United States.

8. SAME—ATTACHMENT FOR CONTEMPT.

An attachment against a witness for contempt, in not obeying a subpoena, is a criminal proceeding, in which the United States is plaintiff, and the cost of the proceeding, including a docket fee, is chargeable to the United States. Following *Erwin* v. *U. S.*, 37 Fed. Rep. 470.

9. SAME—DEPUTY AS JURY COMMISSIONER.

Where a deputy-clerk acts with the jury commissioner in drawing juries while the court is not in session, he is entitled to the same compensation allowed the jury commissioner for like services, where such compensation is shown to be a reasonable charge for the work performed. Following *Erwin* v. *U. S.*, 37 Fed. Rep. 470.

10. SAME—CLERK AND COMMISSIONER—PER DIEM.

A clerk who is also a commissioner may charge a *per diem* for his attendance at court, and a *per diem* for hearing a cause as commissioner on the same day. Following *Erwin* v. *U. S.*, 37 Fed. Rep. 470.

11. SAME—DISTRICT AND CIRCUIT COURTS—TRANSFER.

Fees earned by the clerk in the district court cannot be transferred by the comptroller to his account as clerk of the circuit court. Following *Goodrich* v. *U. S.*, 35 Fed. Rep. 193.

12. WRITS—WARRANT OF COMMITMENT—SEAL.

The warrant of commitment of a defendant under final judgment should be under the seal of the court. Following *Van Duzee* v. *U. S.*, 41 Fed. Rep. 571.

At Law.

*U. M. & G. B. Rose*, for plaintiff.

*Charles C. Waters*, for defendant.

CALDWELL, J. This is a suit brought by the plaintiff to recover fees alleged to be due him as clerk of the circuit and district courts, and as commissioner of the circuit court, which fees have been disallowed by the comptroller. There is no contention about the facts. The services charged for were performed. The only question is the legal right of the plaintiff to recover for the services.

*Commissioner's Fees.* The charge of the plaintiff for docket fees, as commissioner, must be disallowed. The act allowing that fee has been repealed. 24 U. S. St. 274; *McKinstry* v. *U. S.*, 40 Fed. Rep. 813; *Calvert* v. *U. S.*, 37 Fed. Rep. 762; *Crawford* v. *U. S.*, 40 Fed. Rep. 446. *Contra: McDermott* v. *U. S.*, Id. 217; *Phillips* v. *U. S.*, 33 Fed. Rep. 164; *Bell* v. *U. S.*, 35 Fed. Rep. 889; *Rand* v. *U. S.*, 36 Fed. Rep. 671; *Hoyne* v. *U. S.*, 38 Fed. Rep. 542.

A commissioner is entitled to 25 cents for each recognizance. *McKinstry* v. *U. S.*, 40 Fed. Rep. 813; *Heyward* v. *U. S.*, 37 Fed. Rep. 764. *Contra: Crawford* v. *U. S.*, 40 Fed. Rep. 446; *Barber* v. *U. S.*, 35 Fed. Rep. 886; *Rand* v. *U. S.*, 36 Fed. Rep. 671.

He is entitled to charge for two subpœnas in the same case if they were necessary. This charge was disallowed by the comptroller on the ground that the names of all the witnesses should have been included in one subpœna, but that is sometimes impracticable. It not unfrequently occurs, as it did in this case, that witnesses reside in opposite directions, and have to be subpœnaed by different officers. *Jones* v. *U. S.*, 39 Fed. Rep. 410.

The fees charged for issuing more than one warrant, where there were several defendants, stand on the same footing, and are allowed.

A defendant was brought before the commissioner, the complaint read, and the defendant waived examination, and entered into bond to answer. The comptroller disallowed a *per diem* in the case, on the ground that no witness was sworn, and that there was therefore no trial. But there was a hearing and trial of the case that disposed of it. The commissioner's court was open, the defendant was arraigned, and such proceedings were had that he was bound over. This was a "hearing and deciding on" a criminal charge, for which the statute allows the commissioner five dollars. The fees for drawing recognizance and complaints, and entering returns on writs in criminal cases, are legitimate charges. *Rand* v. *U. S.*, 38 Fed. Rep. 666; *Crawford* v. *U. S.*, 40 Fed. Rep. 446; *Rand* v. *U. S.*, 36 Fed. Rep. 671; *Jones* v. *U. S.*, 39 Fed. Rep. 410. The commitments charged for were not "temporary," but were in cases where the defendants were held to answer, and were committed for want of bail.

*Clerk's Fees.* The fees for entering orders, approving accounts of commissioners and district attorney, are properly chargeable to the United States. *Rand* v. *U. S.*, *supra; Jones* v. *U. S.*, 39 Fed. Rep. 410; *Commissioners' Oath Fee Case*, 5 Lawr. Dec. 350; *Erwin* v. *U. S.*, 37 Fed. Rep. 470.

The charge for entering report of money paid into court, and filing vouchers, is proper. This service was performed in pursuance of a standing order of the court and section 798, Rev. St. U. S. *Goodrich* v. *U. S.*, 35 Fed. Rep. 193; *Jones* v. *U. S.*, 39 Fed. Rep. 410.

The fees for making transcripts required by section 10 of the act approved March 3, 1887, (24 U. S. St. 507,) when ordered by the district attorney, are chargeable to the United States. *In re Clerk's Charges*, 5 Fed. Rep. 440.

The warrant of commitment of a defendant under the final judgment and sentence of the court should be under the seal of the court. *Van Duzee* v. *U. S.*, 41 Fed. Rep. 571.

The clerk of this court is required to appoint a deputy for the court at Texarkana. The deputy at that place acts with the jury commissioner in drawing juries. For that service he has charged five dollars a day for three days, the exact sum allowed the jury commissioner for like serv-

ices, and which is shown to be a reasonable charge for the work performed. A similar charge has been allowed by the present comptroller, and I think rightly so. I can see no reason for requiring the deputy-clerk to perform this service for nothing. The court was not in session, and he drew no *per diem* while performing the service. *Erwin* v. *U. S.*, 37 Fed. Rep. 470.

The clerk is entitled to his mileage for attending court at Texarkana. Section 828, Rev. St.

The fee for 'entering order appointing attorney to defend a poor prisoner is chargeable to the United States.

Attachment against a witness for contempt of court, in not obeying a subpœna, is a criminal proceeding, in which the United States is plaintiff, and the costs of the proceeding, including a docket fee, is chargeable to the United States. *Erwin* v. *U. S.*, 37 Fed. Rep. 470.

. A clerk, who is also a commissioner, may charge a *per diem* for his attendance on court, and a *per diem* for hearing a cause as commissioner on the same day. *Erwin* v. *U. S.*, *supra.*

In the settlement of plaintiff's accounts for the year 1887, the comptroller transferred from the district court account to the circuit court account the sum of $535 in fees, which were earned in the district court. The result of this was to raise the clerk's account in the circuit court beyond the limit allowed by law, and it was done for that purpose. For the same purpose the comptroller deducted from the plaintiff's expense account in the circuit court the sum of $156, thus bringing the plaintiff in debt to the United States on his circuit court account in the sum of $645.20. By this method of stating the account, the plaintiff was wrongfully deprived of $535 on his district court accounts, after satisfying all excess of emolument earned in the circuit court. That this could not be rightfully done has been decided. *Goodrich* v. *U. S.*, 35 Fed. Rep. 193; *Butler* v. *U. S.*, 23 Ct. Cl. 162.

Applying these principles to the accounts sued on, I find there is due the plaintiff from the United States the sum of $788.15.