KINNEY v. UNITED STATES.

(Circuit Court, D. Connecticut. February 6, 1893.)

No. 385.

1. UNITED STATES MARSHALS—FEES—EVIDENCE—MEMORANDA.
Entries and memoranda made by a deceased United States marshal are admissible in evidence in favor of his administratrix in an action by her against the United States to recover for services and disbursements of the intestate in his lifetime.

2. SAME—EVIDENCE—ALLOWANCE BY COURT.
The approval of a United States marshal's account by a circuit court of the United States under Act Feb. 22, 1875, (18 St. p. 333,) is prima facie evidence of its correctness, and, in the absence of clear and unequivocal proof of mistake on the part of the court, is conclusive.

3. SAME—ATTENDANCE AT "HEARINGS."
A hearing on the question of admission to bail, or on motion to adjourn, or on arraignment or commitment, constitutes a "hearing and deciding," for the attendance upon which a United States marshal is entitled to a per diem fee.

4. SAME.
A United States marshal is not entitled to per diem compensation for attendance before the court where no certificate is filed showing that the court was open, and business transacted. Marvin v. U. S., 44 Fed. Rep. 405, followed.

5. SAME—ARRESTS—EXPENSES.
A marshal is not entitled to expenses incurred in endeavoring to make an arrest, when he had no warrant, and could not have arrested the accused if found.

6. SAME.
A marshal is entitled to expenses incurred in making an arrest, although such arrest was not made by the deputy sent for that purpose, but was made in consequence of information acquired in traveling about for that purpose, under the direction of the district attorney; and the marshal is not restricted to the statutory allowance of two dollars per day.

7. SAME.
He is also entitled to the expenses of the deputy in thus traveling about under direction of the district attorney, it appearing that the arrest followed directly from information thus obtained.

**8. SAME.**

Such officer is entitled to mileage in serving writs where it appears that the railroad route traveled was the nearest practicable. Fletcher v. U. S., 45 Fed. Rep. 213, followed.

**9. SAME—RAILROAD TRAVEL.**

Also to mileage for the distance proved to have been charged for by the railroad company, though the actual distance was a little less, and for the distance from the railway terminus to the destination.

**10. SAME.**

Also charges for actual travel, where the services and returns were in the same place, and there is proof that such charges had always theretofore been allowed and paid.

**11. SAME—EXPENSES IN LIEU OF MILEAGE.**

Also for actual traveling expenses charged in lieu of mileage.

**12. SAME.**

Also for travel for procuring witnesses from outside the district by direction of the district attorney.

**13. SAME—TRAVEL TO ATTEND COURT.**

The marshal is entitled to charges for travel to attend court on days which were consecutive. Harmon v. U. S., 43 Fed. Rep. 560, followed.

**14. SAME—CONVEYING PRISONER.**

Also to expenses incurred in taking a prisoner from the jail in one city to the courthouse in another, such a case not falling within Rev. St. § 1030, providing that for bringing any prisoner into court without writ, and on the order of the court or district attorney, no fees shall be charged.

**15. SAME.**

Also for mileage for taking a prisoner to and from the commissioner and jail, by virtue of warrant and mittimus under the Connecticut practice, as in such case Rev. St. § 1030, has no application. Harmon v. U. S., 43 Fed. Rep. 560, followed.

**16. SAME—RELEASES ON BAIL BOND.**

Also for releases on bail before the commissioner, where such release involves the taking of a bail bond.

**17. SAME—CARRIAGE HIRE.**

Also for the hire of carriages to transport prisoners, and serve process, where the services are of great value, and the charges include only amounts allowed for travel or actual expenses.

**18. SAME—STATIONERY.**

Also for stationery furnished by the marshal for the use of the court, proper vouchers for the cost of the same being duly produced.

**19. SAME—PAYMENTS TO COURT OFFICERS.**

Also for payments made by the marshal to court messengers, criers, and bailiffs in pursuance of statutory requirement.

At Law. Action by Sarah T. Kinney, as administratrix of John C. Kinney, under Act March 3, 1887, (24 St. p. 505,) to recover for services and disbursements of her intestate as a United States marshal. Judgment for plaintiff.

L. E. Stanton, for plaintiff.
George G. McLean, U. S. Atty.

TOWNSEND, District Judge. This is an action brought under the provisions of the act of March 3, 1887, (24 St. U. S. p. 505,) wherein the plaintiff, as administratrix of the late John C. Kinney, seeks to recover certain sums for services and disbursements of said John C. Kinney as United States marshal, in those of his accounts settled after June 15, 1885, and including matters which accrued up to August 4, 1886, when he retired from office. The items of

said accounts have all been presented to the United States. Some have been suspended, some have been allowed in whole or in part after having been disallowed, others have been disallowed altogether. The United States, through its district attorney, denied the plaintiff's right of recovery. A transcript from the books and records of the treasury department was furnished by the United States under order of court. The defenses to the plaintiff's claim appear in the "statements of differences" stated by the auditor, and these are repeated in the bill of particulars. Most of the objections to the account raise questions of law which will be separately considered. The questions of fact seem to me to be generally established in favor of the plaintiff, for the following reasons: First. The plaintiff being dead, and this being a suit by his administratrix, the entries and memoranda of the deceased relevant to the issue are admissible in his favor. Gen. St. Conn. 1888, § 1094. These entries, consisting of entries of the warrants against and accounts in favor of the plaintiff's decedent, were introduced and identified by the plaintiff, and show a balance, as claimed by her, in favor of the late marshal. Second. The settlement by decedent of his accounts with the United States was made in accordance with the provisions of the act of February 22, 1875, 18 St. at Large, p. 333. Under this law the marshal, as appears by the certificate of this court, "rendered to this court an account of his fees and expenses from the 1st day of January, 1885, to the 30th day of June, 1885, with the vouchers and items thereof, and, in the presence of Lewis E. Stanton, United States attorney, has proved on oath to the satisfaction of the court that his services and travel charged therein were actually and necessarily performed, and that the expenses were necessarily incurred;" and said account was duly proved. Further accounts for each subsequent six months, and covering the entire matter in this suit, were rendered and proved in the same manner. If any objection is made to such an account, the burden is on the United States of establishing the validity of the objection. "A sufficient answer to this objection is furnished in the findings of the court below that the account of the commissioner for the fees charged for the services in question was verified by oath and presented to the United States court, of which he was a commissioner, in open court, in the presence of the district attorney, approved by the court, and an order approving the same as being in accordance with law, and just, was entered upon the record of the court. The approval of a commissioner's account by a circuit court of the United States, under the act of February 22, 1875, (18 St. p. 333,) is prima facie evidence of the correctness of the items of that account; and, in the absence of clear and unequivocal proof of mistake on the part of the court, it should be conclusive." U. S. v. Jones, 134 U. S. 488, 10 Sup. Ct. Rep. 615; Harmon v. U. S., 43 Fed. Rep. 560.

The plaintiff introduced, by way of further proof, a number of witnesses, who were deputies under said Kinney during his term as marshal, and who testified as to the services rendered and moneys disbursed by them under the orders of said marshal, or of the court, or of the district attorney. I therefore find (with certain

exceptions, to be hereafter noticed) that the services were rendered and moneys disbursed as stated in the accounts of said Kinney with the United States. As these items are scattered through the various divisions of the summary of a part of the bill of particulars on which my opinion is based, I shall, in passing upon them, merely state that they are allowed. The reasons for such allowance are expressed in the above general statement. The total amount of the bill of particulars is $2,087.69, but the real demand is only $1,134.53. This latter sum is the excess of the charges made by the marshal against the government for the period above named over the amount of warrants chargeable against him for the same period. It relates to two accounts,—one the account for marshal's fees and expenses, and the other the account for miscellaneous expenses of courts,—and a small item, undisputed, for support of prisoners for year 1886. Of this latter sum $887.69 has been disallowed or suspended, and it is this amount which is embraced in a summary of a part of the bill of particulars. This summary is filed in the cause as an amendment of said bill of particulars. The difference between the amount thus suspended or disallowed and the whole sum demanded by the plaintiff is simply an amount allowed by the auditor, but not paid. It is not paid, because in June, 1889, the late marshal handed back to the United States substantially all the funds in his hands, and had nothing left with which to pay any balance which may be found due to his estate.

The items suspended and disallowed appearing in this long bill of particulars, are summarized under 15 heads as follows:

Item 1. Per Diems before Commissioners and Courts, $198. Of this amount $98 relates to per diems before commissioners. The auditor claims that no hearing on the question of admission to bail, or on motion to adjourn, or on arraignment or commitment constitutes a "hearing and deciding" within the law; in other words, he says that per diems can only be charged for a day on which a trial of the accused is had. I do not so understand the law. In U. S. v. Jones, supra, Mr. Justice Lamar says, (page 487, 134 U. S., and page 616, 10 Sup. Ct. Rep.:)

"The decision upon a motion for bail and the sufficiency thereof is a judicial determination of the very matter which the statutes authorize and require him to hear and decide, to wit, whether a party arrested for a crime against the United States, when brought before him for examination, shall be discharged or committed on bail for trial, and, in default thereof, imprisoned. With respect to motions for continuance, the granting or refusing of them is unquestionably a necessary incident and a part of the hearing and determination of criminal charges."

The charge of $98 for per diems before commissioners is allowed.

The balance of the item, being $100, is for per diems before the court, disallowed by the auditor because no certificates were filed by the marshal to show that courts were open and business was transacted. Of said amount $80 have since been allowed upon explanation. As to the rest, counsel for plaintiff claims that, as the services herein referred to were rendered prior to the passage of the appropriation bill of August 4, 1886, whereby officers were obliged to show the transaction of business in order to recover, these charges

should be allowed. He contends that by the rendition of the service the fee is earned, and that thereby a contract arises to pay said fee. I feel obliged on this point to follow the decision in Marvin v. U. S., 44 Fed. Rep. 405, in which Judge Shipman, disallowing a similar item, says, (page 408:)

"The appropriation bill of August 4, 1886, (24 St. p. 253,) provided that no part of the money appropriated by the act should be used in the payment of per diem compensation to a clerk or marshal for attendance in court except for days when business was actually transacted in court. This means business which belongs to the court, and is transacted by the judge; and places upon the clerk the burden of showing that business of the court was actually transacted on those days. The minutes simply show that the court was opened and adjourned, and, although the petitioner says that doubtless business of the court was transacted, he does not show what it was, within the proper meaning of that language, and I am therefore compelled to disallow the item."

This disallowance only affects the $20, the balance having already been admitted by the United States. Upon item 1 the amount allowed is $178.

Item 2. Expenses of Arrest. The two items of $1.30 each for expenses in endeavoring to make arrest are disallowed. I do not find any authority for such expense, within the district, where, as in this case, the officer had no warrant, and therefore could not have made the arrest even if he had found the accused. The item of $8.76, expenses of arrest, was disallowed on the ground that the statutory charge of $2 per day included all such expenses. It appeared from the testimony of the deputy marshal that these expenses were incurred under the direction of the United States district attorney. The accused was not found at the place where the deputy marshal first went, but, by traveling about in New York and Massachusetts under the direction of the district attorney, he finally secured information which led to the arrest of the accused. The witness further testified that all the expenses of arrest were incurred in the service and on behalf of the United States. The auditor claims as matter of law that, no matter how meritorious the service, the officer can only receive two dollars per day, even though he may have expended several times that sum. But it seems to me that this construction of the law is not in accordance with the decisions. Thus, in Fletcher v. U. S., 45 Fed. Rep. 214, the court allows such charges where the arrest was actually made outside the district, on the ground that by such services expense is saved to the United States. It seems to me that, where such expenses are incurred under direction of the United States district attorney, the presumption is that this course was taken in order to save expense, and to best promote the ends of justice, and that, as the officer is bound to obey such instructions, such expense should be repaid to him, irrespective of the question as to who may have finally made the arrest. The item of $8.76 is allowed. As to the item of $48.80, expenses of arrest, it appeared that, although the prisoner was not arrested by the officer making this charge, yet that his arrest and conviction followed directly as a result from information obtained by said officer while rendering said services under the direction of the United States district attorney. This item is, for the above reasons, al-

lowed. The item of $1 for cash paid police is allowed. The amount allowed upon item 2 is $58.56.

Item 3. Travel to Serve. The charge of $35.38 is allowed, for the reasons stated in reference to the item of $8.76 in No. 2 of the summary. This travel was a part of the expenses in the same case. The item of $4.50,—75 miles,—for services in New York, is disallowed. The items of $7.20 and $3.24 are allowed, both upon the presumptions in favor of the account, and, further, because it appears that these costs were taxed up against the accused, were paid by him, and were afterwards turned over to the United States. The item of $1.20 charged for mileage is allowed. It appeared from the testimony of the officer that he traveled the nearest practicable railroad route at the time. Fletcher v. U. S., supra. The items of $8.80 and $1.32 are allowed under the authority of Harmon v. U. S., 43 Fed. Rep. 566, approved in Fletcher v. U. S., supra. The charges aggregating $1.04, disallowed by the auditor on the ground that the mileage between Hartford and New Haven should be only 36 miles, is allowed, the proof showing that the fare charged by the railroad company is for 37 miles, and that it is one mile from the railroad station to the jail. The items of $3.86 and $2.10 for travel where the services and returns were in the same place, are allowed; the proof showing that in such cases only actual travel was charged, and that such charges have always heretofore been allowed and paid. Item $21.12 is allowed. Item $2.46, travel to serve, is allowed. The officer testified, and I find, that he actually traveled, and served the summons. The item of $5.25 for travel to summon witnesses is allowed. Birge, the officer, testified, and I find, that the above sum represented his actual traveling expenses, and that he elected to charge therefor in lieu of mileage. U. S. Rev. St., end of section 829, p. 157. The item of $75.34 is allowed; also $2.80. Items 52 cents, 26 cents, $28.70, and 20 cents, for mileage, are allowed for reasons above stated. The item of $1.50, summoning witnesses in New York, was afterwards admitted by the auditor, and is allowed. Item 50 cents is allowed. The items of $26.52, $53.10, 60 cents, and $13.20 are allowed. It appears and is found that the plaintiff's decedent, by direction of the United States attorney, went to New York, Boston, and other places to secure witnesses in case of U. S. v. Thompson, making two trips. As a result, some 113 witnesses in all were necessarily summoned. Fletcher v. U. S. supra. The item of $43.76 is allowed. It appeared and is found that no claim has ever been made by the marshal of Massachusetts, and that the services were rendered by the officer from this district. Upon item 3 the amount allowed is $339.97.

Item 4. Dinners and Expenses of Guard. The charge of $2.40 is allowed, and the one of $10 also allowed. I find from the testimony of the officer that there is no jail at New Milford; and that on that account the prisoner was brought to jail by the usual route. Upon item 4 the amount allowed is $12.40.

Item 5. Travel to Court. The marshal charged for three travels to attend court at New Haven, upon days which were consecutive. He must either remain over these intervals or return and go again.

These travels are to be allowed, under the authority of Harmon v. U. S., supra. But both the marshal and auditor have made errors of computation. Three travels, at $3.80, equal only $11.40, and not $14.40, as the marshal has charged. On the other hand, the auditor had no right to deduct $10.80, since that leaves the marshal only $3.60. The proper sum to be now allowed to make up the three travels is $7.80. Upon item 5 I allow $7.80.

Item 6. Errors in Computation. I find no evidence of error as to the item of $2, and the same is allowed. The item of $10 is an error of the marshal, made by mistakenly carrying forward figures from one page to another, and is to be disallowed. Upon item 6 the sum allowed is $2.

Item 7. Commissions on Disbursements. A small portion of this charge, amounting to 95 cents, should be disallowed, as the disbursements themselves are reduced by disallowances. The balance should be allowed. Upon item 7 the amount allowed is $2.21.

Item 8. Mileage to Courts and Jail. These items, amounting to $17.40 are allowed. It appeared that the charges represented actual travel or actual expenses. They would, therefore, be proper, either under section 829, Rev. St., or under Harmon v. U. S., supra. The item of $7.60, included therein, was for taking a prisoner from the jail at New Haven to the courthouse at Hartford, court being held at Hartford. I do not understand that a case like this falls within the provisions of Rev. St. § 1030, which seems to contemplate those cases where the court is held in the place where the prisoner is in custody. If this were otherwise, the expenses in a case like the one under consideration would have to be paid by the officer out of his own pocket. Upon item 8 the amount allowed is $17.40.

Item 9. Mileage to and from Commissioner and Jail. These items amount to $15.10. The auditor disallows them under section 1030, Rev. St. U. S. Under the practice in Connecticut the complaint of the grand juror contains at the end a warrant, which, however, does not accurately define the offense, but merely orders that the officer forthwith bring the body of the prisoner into court. When, on such complaint, the officer produces the prisoner, the warrant is functus officio, and on continuance a mittimus is issued. After waiver of trial, or finding of probable cause, a new mittimus is issued, when the prisoner passes beyond the jurisdiction of the commissioner, and is committed to await the action of the court. Under this practice, a prisoner is never committed without a mittimus. This is, as I understand it, in conformity with the practice at common law. The officer is bound to obey the order, and must have authority for the commitment. Under this practice I am of the opinion that section 1030 does not apply, and that such charges are proper, under the authority of Harmon v. U. S., supra, and I therefore allow the whole of said charge of $15.10. Upon item 9 the amount allowed is $15.10.

Item 10. Care of Property Attached. This item of $18 has been allowed by the auditor, and is therefore allowed. Upon item 10 the amount allowed is $18.

Item 11. Copies for Town Clerk and Defendant. This item of $21.25 is admitted by the auditor, and is allowed. These copies are required under the practice in the state of Connecticut. Upon item 11 the amount allowed is $21.25.

Item 12. Releases on Bail before Commissioner. These amount to $3.50, of which 50 cents has since been allowed. As each release involved the taking of a bail bond, for which the marshal had a right, under Rev. St. U. S. § 829, to charge 50 cents, I allow the whole of said charge. Upon item 12 the amount allowed is $3.50.

Item 13. Transportation of Prisoners, and Service. These two items of carriage hire in order to transport prisoners and serve process are allowed. The evidence upon this point shows that the services were of great value, and that the charges include only amounts allowed for travel or actual expenses. Harmon v. U. S., supra. Upon item 13 the amount allowed is $5.

Item 14. Stationery for Courts. This charge is found to be proper. The stationery was furnished by the marshal, and proper vouchers for the cost of the same were duly produced. Upon item 14 the amount allowed is $17.45.

Item 15. Court Messengers, Criers, and Bailiffs. These items were merely suspended. Nearly all of them have since been allowed. The evidence shows, and I find, that all these payments were made by the marshal to the officers in question, in pursuance of his legal duty according to the statutes. The charges must be allowed. Upon item 15 the amount allowed is the whole charge, to wit, $148.

All of the accounts involved in the case were presented by the marshal, and all his rights accrued under them within six years before the commencement of this suit, which was on June 15, 1891. It follows from the above conclusions that the sum of $1,134.53, or the whole demand of the plaintiff, is divided thus: Now disallowed, $41.05; now allowed, $846.64. Formerly allowed, but not paid, $246.84. The sum of the last two items is the amount which the plaintiff is entitled to recover. Let judgment be entered in favor of the plaintiff for the sum of $1,093.48, with costs.