## ·UNITED STATES *v.* JONES.

### APPEAL FROM THE COURT OF CLAIMS.

No. 1554. Submitted March 3, 1890. — Decided March 24, 1890.

The decision of a commissioner of a Circuit Court of the United States upon a motion for bail and the sufficiency thereof, and his decision upon a motion for a continuance of the hearing of a criminal charge, are judicial acts in the "hearing and deciding on criminal charges" within the meaning of Rev. Stat. § 847, providing for a *per diem* compensation in such cases.

The approval of a commissioner's account by a Circuit Court of the United States is *prima facie* evidence of its correctness, and, in the absence of clear and unequivocal proof of mistake on the part of the court, should be conclusive.

THIS was an appeal from a judgment rendered by the Court of Claims against the United States in favor of Richard M. Jones, for services rendered by him as a commissioner of the Circuit Court of the United States for the Western District of North Carolina.

The material facts of the case, as found by the court upon the evidence, were, that the claimant had been a commissioner of the said court from 1883 to the bringing of the action; that from December 3, 1885, to June 30, 1886, as such commissioner, he issued warrants in six cases in which issue was joined and testimony taken; in three cases in which issue was joined and no testimony was taken; and in three cases in which issue was not joined, the defendants discharged, and no testimony taken; and that he duly made his docket entries in each and all of those cases by order and authority of the court, and in the manner required by its rules.

His accounts for fees and for keeping his dockets were verified by oath, and presented to the court in the presence of the district attorney, and approved by the court in due form. For those accounts, thus approved, he was allowed a fee of three dollars in each case where issue was joined and testimony taken, two dollars where issue was joined but no testimony taken, and one dollar where issue was not joined,

and the defendant discharged. His account also showed charges on eleven different days from March 12, 1884, to September 15, 1887, in as many criminal cases, each of which charges was either "for hearing and deciding on criminal charges, in deciding on amount of bail and sufficiency thereof," or "for hearing and deciding on criminal charges, in hearing and deciding on motion for continuance." These charges were approved by the Circuit Court, but not paid.

The court found as a conclusion of law that the claimant was entitled to $55 for these last eleven cases, and entered a judgment in his favor for $76. From that judgment the United States brought this appeal.

The only assignment of error presented by the government in this appeal was, that the court erred in finding that claimant is entitled to $55 for hearing and deciding on amount of bail and sufficiency thereof in four cases, and for hearing and deciding on motion for continuance in seven cases.

*Mr. Assistant Attorney General Cotton* and *Mr. F. P. Dewees* for appellants.

The words "hearing and deciding on criminal charges" are plain and unequivocal in meaning and without ambiguity. The words have application to the charges made and the hearing and decision thereon. There must be a "hearing" relative to the "charges" and a "deciding" of some point relative to the "charges." The granting of a motion for a continuance is the deferring of "hearing and deciding on criminal charges." A determination upon the sufficiency of bail is either precedent or subsequent to the "hearing and deciding on criminal charges."

The approval of a commissioner's account by a Circuit Court of the United States under the provisions of the act of February 22, 1875, 18 Stat. 333, c. 95, is not a judicial determination of the rights of the parties. It is *prima facie* evidence that the work was done. *Turner* v. *United States*, 19 C. Cl. 629; *Wallace* v. *United States*, 116 U. S. 398.

It is not disputed in the case at bar that continuances were

granted and bail taken by commissioner. His power to render such service is admitted. It is recognized that a commissioner exercises functions of the highest importance to the administration of justice. His powers are fixed by law and enumerated by Mr. Justice Field in *United States* v. *Schumann*, 2 Abb. (U. S.) 523.

The payment of the commissioner is by prescribed fees and only such fees can be paid for services.

It is not contended that for "hearing and deciding" the commissioner must be employed the whole of one day, but if he hears and decides a number of cases on the same day, payment can only be allowed for one. It therefore follows that the payment is not only intended for the service, but that the "time actually employed" is an element to be considered.

The construction given to a statute by the executive or accounting officers has been held by this court to be entitled to respect. It appears that on this subject there was conflict of opinion. The views of the accounting officers of the treasury were overruled by Assistant Secretary Otto. For a number of years payments were made in accordance with his decision. Since 1883 the accounting officers have required proof of the character of the service before making payments. The construction given by executive officers has, it will be seen, not been uniform.

To evade the construction of the law as given by the accounting officers, the present suit was brought in the Court of Claims without any demand having been made on the treasury. The case was decided by the court below in favor of claimant as coming within the decision in *Harper's Case*, 21 C. Cl. 56. That case has not been reviewed by this court. Attorney General Black, 9 Opinions Attys. Gen. 170, 171, says: "It is plain to me that *examination of the person charged* means *investigation of the case*."

It is submitted that the words "hearing and deciding on criminal charges" do not include taking "bail" and "continuing" cases.

*Mr. George A. King* for appellee.

MR. JUSTICE LAMAR, after making the foregoing statement . of facts, delivered the opinion of the court.

. A brief reference to the powers and duties of a .commissioner, as an examining and committing magistrate, will be sufficient to dispose of the only question presented by this appeal. Section 1014 of the Revised Statutes of the United States provides that, "for any crime or offence against the United States, the offender may, by . . . any commissioner of the Circuit Court to take bail, . . . be arrested and imprisoned, or bailed, as the case may be, for trial before such court of the United States as by law has cognizance of the offence. Copies of the process shall be returned as speedily as may be into the clerk's office of such court, together with the recognizances of the witnesses for their appearance to testify in the case," etc., etc.

By section 1015 it is further provided that "bail may be admitted" by such commissioner "upon all arrests in criminal cases where the offence is not punishable by death."

By section 1982 such commissioners are vested with the power to institute proceedings against persons violating any of the provisions of chapter seven of the Title "Crimes."

Section 1983 provides for the increase of the number of commissioners "so as to afford a speedy and convenient means for the arrest and examination of persons charged with the crimes referred to in the preceding section."

By section 1984 these officers are vested with other important powers; and by section 1985 every marshal and deputy marshal is required to obey and execute all warrants or other process that the commissioners may issue in the lawful performance of their duties.

By other sections numerous duties of a purely clerical and ministerial character are attached to this office. The compensation of a commissioner is clearly prescribed and classified by section 847 of the Revised Statutes according to the character of the services performed. For acts purely clerical and ministerial, such as administering oaths, taking acknowledgments, taking and certifying depositions to file, or furnishing a copy

·of the same, specific fees are provided, and for issuing writs or warrants or other services he has the same compensation as is allowed to clerks for like services. For acts not merely clerical, but which are performed by the commissioner in his judicial capacity, his fees are regulated on a basis of per diem compensation. Among the provisions of this kind is the one upon which this controversy has arisen, viz.: "For hearing and deciding on criminal charges, five dollars a day for the time necessarily employed."

It is admitted that from March 12, 1884, to June 20, 1888, the period covered by the claim in dispute, there came before the appellee, in his capacity as commissioner, on eleven different days, eleven separate cases to be heard and decided against various persons, each charged with a crime against the laws of the United States; that in four of these cases he heard and decided motions upon bail, and the sufficiency thereof; and in the other seven motions for continuance were heard and decided by him.

There can be but one answer, in our opinion, to the question whether the commissioner should be allowed a fee of five dollars a day for his services on those eleven days. The decision, upon a motion for bail and the sufficiency thereof, is a judicial determination of the very matter which the statutes authorize and require him "to hear and decide," to wit, whether a party arrested for a crime against the United States, when brought before him for examination, shall be discharged, or committed on bail for trial, and in default thereof imprisoned. With respect to motions for continuance, the granting or refusal of them is unquestionably a necessary incident to, and a part of, the hearing and determining of criminal charges; and the exercise of that power in such criminal proceedings is indispensable to the right of the accused to have a fair and full investigation of the offence charged against him and to a sufficient time for the summoning of his witnesses as well as for employing and consulting with counsel to aid him in his defence.

It is contended by the Assistant Attorney General that the per diem fee in such case is not only intended for the service specified, but that the "time actually employed is also an ele-

ment to be considered." A sufficient answer to this objection is furnished in the findings of the court below that the account of the commissioner for the fees charged for the services in question was verified by oath and presented to the United States court of which he was the commissioner, in open court, in the presence of the district attorney, approved by the court, and an order, approving the same as being in accordance with law and just, was entered upon the records of the court. The approval of a commissioner's account by a Circuit Court of the United States, under the act of February 22, 1875, 18 Stat. 333, is *prima facie* evidence of the correctness of the items of that account; and in the absence of clear and unequivocal proof of mistake on the part of the court it should be conclusive.

We think the authorities cited by the attorney for the appellee in support of the claim in question are directly in point.

The judgment of the Court of Claims is

*Affirmed.*