Nott, J.,
delivered tbe opinion of tbe court:
In tbe case of United States v. Jones (134 U. S. 483) it was decided that “ tbe approval of a commissioner’s account by a *190 circuit court ” is “ prima facie evidence of tbe correctness of the items of that account; and in the absence of clear and unequivocal proof of mistake on the part of the court it should be conclusive.” And in the case of Singleton (22 O. Cls. B., 118) that, u inasmuch as it is made the duty of circuit and district courts to determine whether a witness or a juror is entitled to be paid and to make the necessary orders therefor (Bev. Stat., sec. 855), those courts are necessarily invested with power and discretion to determine in what manner the facts shall be ascertained and the form in which every order shall be made.”
But those decisions, which recognize the authority of the circuit and district courts, likewise recognize its limitations. A court is the proper judge, and must necessarily be, of the form of its own orders3 the clerk being but its instrument to enter and record them. The approval of an officer’s account by a circuit or district court merely determines the fact as evidence prima facie that the services were rendered. Whenever the officer brings his account into another tribunal and institutes a suit upon it for the services which he has rendered or fees to which he is entitled, it is the duty of the tribunal to pass upon the legality of every item which is contested. And this term legality extends to. every question which can be raised concerning the right of the officer to recover.
Accordingly, it must be held that, while this court must accept the approval of an officer’s account by a circuit or district court as establishing the fact, in the absence of evidence to the contrary, that a commissioner took the recognizance of a defendant and his sureties or that he issued orders to a marshal for the payment of witnesses, all questions concerning the legality of the items and the necessity of the service are before the court.
In United States v. Barber (140 U. S., 177) the Supreme Court held with regard to complaiuts that they must not be unnecessarily prolix, and that prolixity is a question of fact in all cases.
In the numerous cases which have come before this court it appears that a great diversity exists in the form and length of the recognizances which commissioners take and of the orders for the payment of witnesses which they issue. Some of the latter are contained within a single folio of one hundred words. There arerecognizancesof less than onehundredandñfty words; *191 others extend to five folios. After an examination of many forms in numerous cases the court is satisfied that two folios are sufficient for each of these papers, except iu a limited class of cases, where the accounting officers have generally allowed three folios because of certain peculiarities in the State practice, to which the United States commissioners conform. Accordingly, the charge in this case of four and five folios can not be sustained, and the papers must be held to be unnecessarily prolix.
The claimant is entitled to recover for other items of his account; and the judgment of the court is that he recover $77.05.