## UNITED STATES *v.* ERWIN.

APPEAL FROM THE COURT OF CLAIMS.

No. 1194.   Submitted January 3, 1893. — Decided March 6, 1893.

A District Attorney is entitled to charge a per-diem for services before a United States commissioner upon the same day that he is allowed a per-diem for attendance upon the court.

THIS was a petition by the District Attorney of the United States for the Southern District of Georgia for services rendered

in conducting examinations of persons charged with crime before United States commissioners upon the same days that attendance upon the Circuit or District Courts was charged. The court found as a conclusion of law that the. plaintiff was entitled to recover, and awarded judgment in his favor for $215. The United States appealed. ·

*Mr. Felix Brannigan* for appellants.

*Mr. William W. Dudley, Mr. Louis T. Michener* and *Mr. Richard R. McMahon* for appellee.

MR. JUSTICE BROWN, after ·stating the case, delivered the opinion of the court.

This case depends upon the single question whether a District Attorney is entitled to charge a per-diem for services before a United States commissioner upon the same day that he is allowed a per-diem for attendance upon the court.

By Rev. Stat. § 824, he is allowed $5 "for each.day ·of his necessary attendance in a court of the United States, on the business of the United States, when the court is held at the place of his abode, . . . and for his attendance when the court is held elsewhere, $5 for each day of the term," and also "for examination by a District Attorney before a judge or commissioner, of persons ·charged with crime, $5 a day for the time necessarily employed." There is certainly no necessary incompatibility between these two clauses. In neither case is it required that he spend the entire day in attendance. If his attendance before the court be necessary, he is entitled to his per-diem, though it may only be necessary to remain a few minutes; and if he attend before a United States commissioner, and the case be disposed of without requiring his presence the entire day, there is no reason why he is not as much entitled to his fees as the commissioner. *United States* v. *Jones*, 134 U. S. 483. In neither event can he draw more than $5, though he be engaged for the entire day, unless a case be in some manner finally disposed of by the court, when

he becomes entitled, under another clause of the section, to an additional fee of from $5 to $50.

It is insisted, however, that Rev. Stat. § 831, prohibiting a double per-diem or other allowance for attendance "when the Circuit and District Courts sit at the same time," should be construed as indicating that Congress intended to legislate against double per-diems in all cases, and that it should be extended to cases like this where the per-diem is claimed for services before a commissioner on the same day that it is allowed for attendance upon the court. Upon the contrary, we think it clear that Congress did not intend to forbid a double per-diem in such cases, and that the maxim, *expressio unius est exclusio alterius*, should apply. Indeed, we have just held in *United States* v. *King*, (*ante*, 676,) that this statute should be limited to Circuit and District Courts sitting not only at the same time, but at the same place; and that where the Circuit Court was sitting at one place in the district and the District Court at another, the clerk was entitled to his per-diem in the one case, and his deputy to a per-diem in the other. The relative importance of the service rendered by the District Attorney in court and before a commissioner is of no significance. In the one case the per-diem is for attendance though no service be rendered; in the other there must be an examination conducted or a proceeding taken incidental thereto, as was held in *United States* v. *King*, last above cited.

The judgment of the court below is, therefore,

*Affirmed.*