Nott, J.,
announced the following as the conclusions of the court:
1. In the administration of the statutes relating to the muster and pay of officers in the civil war, the decisions of the War Department should be regarded by the Treasury Department as establishing matters of fact concerning the military relations which existed actually between the Government and the officers; but, upon the facts thus determined by the War Department, all questions of law involving the financial relations existing between the Government and the officers and the financial obligations of the Government to the officers must be determined and decided by the accounting officers of the Treasury pursuant to the principle laid down in the cases of United States v. Jones (134 U. S., 483) and Dennison v. The United States (25 C. Cls. R., 304, 334) in relation to the effect which should be given to the approval of commissioner’s accounts by the circuit courts.
2. The second proviso of the Act 3d February, 1887 (22 Stat. L., p. 377), which provides,
“That any person held as a prisoner of war, or who may have been absent by reason of wounds, or in hospital by reason of disability' received in the service in the line of duty, at the date of his commission, if a vacancy existed for him in the grade to which so commissioned, shall be entitled to the same pay and emoluments as if actually performing the duties of the grade to which he was commissioned and actually mustered at such date,”
Must be construed to have been enacted for the benefit of persons connected with the Army. The terms “prisoner of war,” “wounds,” “hospital,” “disability received in the service,” all relate to persons having a military status. In the presept case it appears that the claimant voluntarily severed his connection with the Army by seeking his discharge as an enlisted man; that he received and accepted transportation as an enlisted man from the place of his discharge to or toward the place of his enlistment; that he never reported *404 to tbe commanding officer of Ms regiment or to the War Department, nor rendered any military service, nor tendered any service, nor subjected himself to military authority, nor accounted for his absence, as required by Army Regulations, 1863 (Appendix B, sec. 14, p. 511), from the time of his discharge during the remaining period of the Avar. These acts constituted a renunciation or resignation of his commission' as second lieutenant under the decision in the case of Ide (25 C. Gis. B., 401); and it must be held that he is not entitled to the benefits of the act of 1887.