## UNITED STATES v. DONAHOWER.

(Circuit Court of Appeals, Eighth Circuit. February 14, 1898.)

### No. 964.

1. **MARSHAL—FEES—TRANSPORTING PRISONER.**
    Unless a certified copy of the complaint upon which a warrant is issued is annexed to the warrant, no magistrate other than the one who issued the warrant has jurisdiction to hear the case under the act of March 3, 1893; and the marshal is therefore entitled to his fees for transporting the prisoner from the place of arrest to the office of such magistrate, though he is not the one nearest to the place of arrest.

2. **SAME—SERVICE OF SUBPŒNAS AND WARRANTS.**
    The marshal is entitled to charge for service of subpœnas and warrants duly issued and regularly placed in his hands for service, and served, although the persons served were at the time prisoners awaiting trial or serving sentence, and also for service of bench warrants upon persons then in his own custody.

3. **SAME—MEALS OF JURORS.**
    The power to direct the marshal to furnish meals for jurors at the expense of the government while they are deliberating upon their verdicts, in charge of an officer of the court, is one of the inherent incidental powers of the circuit and district courts, which they may exercise in any case before them, whether the United States are or are not parties, and the disbursements therefor made by the marshal pursuant to the exercise of this power by the courts, are expenses necessarily incurred for some of the "other contingencies" referred to in the act of 1853 regulating fees and costs. 10 Stat. p. 165, c. 80; Rev. St. § 829.

4. **SAME—BRINGING PRISONER TO COURT.**
    Rev. St. § 1030, providing that no fees shall be charged by the clerk or marshal for bringing into court any prisoner or person in custody, applies only to the case of prisoners confined at the place where the court is in session, and not to those in custody at a place remote therefrom.

In Error to the Circuit Court of the United States for the District of Minnesota.

Edward C. Stringer, for the United States.

Eugene G. Hay, for defendant in error.

Before SANBORN and THAYER, Circuit Judges, and RINER, District Judge.

RINER, District Judge. This is an action brought by Jeremiah C. Donahower to recover $2,000, fees earned and disbursements made by him, while marshal of the United States for the district of Minnesota, from the 15th day of May, 1890, to the 16th day of April, 1894, which were included in his accounts presented to the district court, approved

by that court, and forwarded to the accounting officers of the treasury department, and by them disallowed.

The testimony in the case was taken before a referee, and, after receipt of his report on January 16, 1897, the circuit court filed its findings of fact and conclusions of law allowing some of the items of the plaintiff's claim and disallowing other items, and judgment was directed accordingly. The United States prosecutes this writ of error to review the decision of the circuit court allowing certain items of the plaintiff's claim included in its findings, described in the record as findings "F," "I," "U," "X," "1," "10," and "11."

The first assignment of error covers finding "F" of the findings of the circuit court. The items included in this finding consist of charges for fees in a number of cases for arresting and transporting prisoners from the place of arrest to the office of the circuit court commissioner who issued the warrant, and before whom the warrant, by its terms, was made returnable, although that commissioner was not the commissioner nearest to the place of arrest. The objection to this item is based upon the act of March 3, 1893, which reads as follows:

"It shall be the duty of the marshal, his deputy, or other officer who may arrest a person charged with any crime or offense, to take the defendant before the commissioner or the nearest judicial officer having jurisdiction under existing laws, for a hearing, commitment or taking bail for trial, and the officer or magistrate issuing the warrant shall attach thereto a certified copy of the complaint; and upon the arrest of the accused, the return of the warrant, with a copy of the complaint attached, shall confer jurisdiction upon such officer as fully as if the complaint had originally been made before him, and no mileage shall be allowed any officer violating the provisions hereof."

The circuit court finds as a fact that in each case included in this finding the warrant was not issued or made returnable before the circuit court commissioner before whom it was returnable, by the connivance, at the request, or with the knowledge of the petitioner, but came into his hands in the regular course of the business of his office, and was served and executed by him in obedience to its mandate; that it did not appear from the testimony that a certified copy of the complaint upon which each of the warrants was based was attached to the warrants; that in each case the mileage charged was actually and necessarily traveled by the plaintiff; and the several items included in the finding, amounting to $188.70, were therefore allowed. We think the items of this account were properly allowed by the circuit court. The finding of fact shows that in none of the cases included in the finding, for which charges have been made, was there attached to the warrant a certified copy of the complaint, which, under this statute, would be necessary to confer jurisdiction upon any nearer commissioner or magistrate before whom the marshal might take the person arrested. Without the certified copy of the complaint attached to the warrant, a commissioner or magistrate nearer the place of arrest than the commissioner issuing the warrant would be without jurisdiction to hear the case. As stated by the circuit court, "the marshal would have to obey the warrant in its legal effect, and, if no certified copy of the complaint was attached, to give jurisdiction to any other commissioner or magistrate, he would —the warrant so directing—be obliged to take the arrested person before the commissioner who issued the warrant."

The second assignment of error covers finding "T" of the findings of the circuit court, and the objections thereto are made for the same reasons that objections were made in the first assignment. The facts as to the items contained in this finding differ only from those in finding "F" in this respect: In finding "F" there was a United States commissioner nearer the place of arrest than the commissioner issuing the warrant, and in the items contained in this finding there was no commissioner, but there was a justice of the peace, nearer the place of arrest than the commissioner issuing the warrant. For the reasons already stated, we think the items in this finding were properly allowed.

The third assignment of error covers finding "U" of the findings of the circuit court, and relates to a charge for service of subpœnas on federal prisoners awaiting trial, or serving sentence, in the federal court. The findings of fact show that each item of charge contained in this finding was for service of a subpœna issued by the clerk upon the præcipe of the district attorney, and regularly placed in the plaintiff's hands for service, and by him served upon the witnesses therein named. This was a process placed in the hands of the marshal for service, issued in due form upon the præcipe of the district attorney, and it was, therefore, his duty to serve it, and his fees therefor, amounting to three dollars, were properly allowed by the circuit court.

The fourth assignment of error covers finding "X" of the findings of the circuit court, and relates to a charge for service of a warrant of arrest issued by a circuit court commissioner, and served by the marshal on the person named in the warrant, the person named in the warrant being at that time a prisoner confined in the county jail of Beeker county, Minn. What we have said in relation to finding 3 applies to this finding, and it was properly allowed by the circuit court.

The fifth assignment of error covers finding "1" of the findings of the circuit court, and is a claim for disbursements for moneys expended by the marshal in cases to which the United States were not parties, by order of the circuit and district courts, for meals for jurors after they had been charged, and while they were confined, in charge of an officer, deliberating upon their verdicts. In the case of Campbell v. U. S., 65 Fed. 777, where this identical question was before this court, Judge Sanborn, in delivering the opinion of the court, said:

"The result is that the power to direct the marshal to furnish meals for jurors at the expense of the government while they are deliberating upon their verdicts, in charge of an officer of the court, is one of the inherent incidental powers of the circuit and district courts of the United States, which they may exercise in any case before them whether the United States are or are not parties to them. The disbursements for such meals, made by the marshal pursuant to the exercise of this power by the courts, are expenses necessarily incurred for some of the 'other contingencies' referred to in the act of 1853 regulating the fees and costs of marshals and others (10 Stat. p. 165, c. 80; Rev. St. § 829); and the claim of the plaintiff in error against the United States for these disbursements should have been allowed."

The items covered by this assignment were properly allowed by the circuit court.

The sixth assignment of error covers finding "10" of the findings of the circuit court, and relates to a charge for travel in serving an order of court directing the plaintiff to produce in court, as a witness, a person

then in custody of the United States at a place remote from the place where the court was in session. The objection to this item is based on section 1030 of the Revised Statutes, which provides:

"No writ is necessary to bring into court any prisoner or person in custody, or for remanding him from the court into custody; but the same shall be done on the order of the court or district attorney, for which no fees shall be charged by the clerk or marshal."

The learned judge who tried this case, in announcing his conclusions allowing this item, said:

"These prisoners were not confined at the place where the court was in session, and the case does not, therefore, fall under section 1030, Rev. St. U. S., which, by reasonable construction, only applies to cases of that kind."

We concur in the view expressed by the circuit court, and think the item was properly allowed. Kinney v. U. S., 54 Fed. 319; Hitch v. U. S., 66 Fed. 937.

The seventh assignment of error covers finding "11" of the findings of the circuit court, and is for the service of a bench warrant on a person then in the custody of the United States marshal. The allowance of this item (amounting to two dollars) by the circuit court we think should be sustained. The warrant was issued by the court. The marshal was bound to serve it, and was entitled to the fee charged for the service. The judgment of the circuit court will be affirmed.