# UNITED STATES *v.* KEATLEY.

## APPEAL FROM THE COURT OF CLAIMS.

No. 482.    Submitted January 29, 1907.—Decided February 25, 1907.

Where several persons are indicted under one indictment an order of the
court granting separate trials makes separate independent causes and
entitles the clerk to separate docket fees under par. 10 of § 828, Rev.
Stat.  Clerk's fee for recording abstract of judgment allowed on folio
basis under par. 8 of § 828, Rev. Stat., in addition to the docket allowed
by pars. 10, 11, 12 of that section.

41 C. Cl. 384, affirmed.

THE facts are stated in the opinion.

*Mr. Assistant Attorney General Van Orsdel* and *Mr. Philip
M. Ashford,* Special Assistant Attorney, for appellant.

*Mr. Frank B. Crosthwaite,* for appellee.

MR. JUSTICE McKENNA delivered the opinion of the court.

The claimant in the court below, appellee· here, was clerk
of the United States Circuit Court for the Southern District
of West Virginia from July 1 to July 6, 1902, and clerk of that
court and· the District Court from July 16, 1902, to Septem-
ber 17, 1904.  He regularly rendered accounts for such ser-
vices, which contained, among other things, charges for
"separate docket fees in separate trials under one indictment."
The charges were disallowed and this suit was brought therefor
in the Court of Claims.  Judgment was rendered for claimant
for the sum of $125.45, certain items being disallowed.

A counterclaim was filed by the United States for the re-
covery of $57.90, charged for "docketing judgments," alleged
to have been erroneously and unlawfully paid to claimant

by the accounting officers of the United States. The counter-claim was disallowed and the United States assigns as error the action of the court in rendering judgment for the claimant as aforesaid and overruling the counterclaim. In passing on the charge for the service the Court of Claims said:

"The defendants' contention as to item 6 is troublesome. It appears that joint indictments were returned against several defendants; that on motion of defendants' counsel separate trials were granted to some of the defendants, where-upon the clerk made separate docket entries in accordance with said motion, docketing said causes as though separate indictments had been returned against the parties granted separate trials.

"Paragraph 10 of section 828 of the Revised Statutes provides:

"'For making dockets and indexes, issuing venire, taxing costs and all other services on the trial or argument of a cause where issue is joined and testimony given, three dollars.'

"By paragraph 11 a fee of $2 is allowed where no testimony is given, and by paragraph 12 a fee of $1 is allowed where the cause is dismissed or discontinued or judgment or decree rendered without issue."

The contention of the appellant turns upon the word "cause." The argument is that the word "cause" is limited by the word "indictment," and if it be returned against a number of persons and they be granted separate trials there is only one "cause." It is conceded that the court may grant separate trials, and it is not disputed that the court did so in the case for which the services sued for were charged and that each was separately designated on the records.

We think the order granting separate trials made separate causes, and therefore each was independent of the other. *State* v. *Rogers,* 6 Baxter (Tenn.), 563; *Noland* v. *State,* 19 Ohio St. 131; *Bryan* v. *Spivey,* 106 N. Car. 95. The services rendered were a proper charge under the statute.

2. The counterclaim was for the recovery of $57.90, charges

made for "docketing judgments," and the lists filed showed amounts from $0.15 to $8.70. The Court of Claims' comment was: "The defendants' counterclaim, predicated upon the alleged illegal allowance for the docketing of judgments, will have to be dismissed. The services here charged for were admittedly performed, by order of the court, and under the *Jones case (supra)* allowable."

The case referred to is *United States* v. *Jones,* 134 U. S. 483. In the absence of anything in the record to the contrary, we must assume that the application of that case was made on account of the facts presented to the Court of Claims in this. Counsel for the United States say that the findings of the Court of Claims "on the subject of the counterclaim are not as full and complete as they might be." A belief is expressed, however, that it appears, from the face of the counterclaim, that they are folio fees. At all events, it is insisted, that they are not the charges specified in paragraphs 10, 11 and 12 of section 828 of the Revised Statutes. This the appellee concedes in effect, and urges that the charge was made under and is justified by paragraph 8 of that section, which reads as follows: "For entering any rule, order, continuance, judgment, decree, or recognizance, or drawing any bond or making any *record,* certificate, return, or report, for each folio fifteen cents." The words we have italicized are the words upon which appellee relies combined with the following order of the court:

"The clerk of this court is directed to keep a judgment docket wherein shall be *recorded,* abstracts of all judgments rendered in cases wherein the United States is a party. Said judgment docket shall contain:

"The number of the case.

"The date of the indictment.

"The names of the parties.

"The amount of the judgment.

"The amount of costs.

"The date of the judgment.

"When docketed.

"The amount paid.

"The disposition of the funds and any additional matter which the clerk may deem pertinent."

The record required by that rule, appellee contends, is different from the various dockets which are kept in all United States courts in which brief entries of fact are made, and which, it is said, are covered by the docket fee. The contention is consonant with the decision of the Court of Claims, and we do not think it is refuted by the suggestions made by appellant.

*Judgment affirmed.*