Whaley, Judge,
delivered the opinion of the court:
The plaintiff is a United States commissioner for the district of Arizona under an appointment of the district judge. It appears that on the sixth day of July, 1928, while engaged in the hearing of a criminal complaint against one Hall, another criminal case against one Guidi was brought before him for a hearing, and he set the hearing in the second case for the following day, July 7th. The defendant (Guidi) not being able to furnish bail as required, the commissioner issued a temporary mittimus committing the defendant to jail and delivered the mittimus to the United States marshal, who returned the mittimus, duly executed, to the plaintiff who entered the return in his docket. In rendering his quarterly itemized account for statutory fees the plaintiff claimed a fee for the hearing of the Hall case on the sixth of July, which was allowed by the General Accounting Office, (1) a fee for issuing the temporary mit-timus, (2) a fee for entering the return, and (3) a per diem fee for hearing and deciding the case against Guidi on the seventh of July. In the explanation of his accounts for fees and charges in the Guidi case the plaintiff gave as his only reason for not hearing the case, on the day it was brought before him, “ Case couid not be heard on July sixth because of other business.” The bookkeeping division of the General Accounting Office suspended these items, taking the position that other business “ is not deemed by this office to be a satisfactory explanation for the necessity of continuance.” Subsequently the bookkeeping division dis *762 allowed these items for' the reason “ it is not shown that hearing could not have been completed on July sixth,” and upon the request for a review by the Comptroller General of the-disallowed items, the plaintiff was informed that this dis-allowance was sustained because “ it has not been shown why more than one hearing could not be heard on July sixth.”
In the second instance it is alleged that on July 27,. 1928, the plaintiff, while holding a preliminary examination upon a criminal complaint, granted a motion, made by defendant’s counsel, for a continuance to the-next day,, and later granted a motion to continue the case to the 30th of July, which latter motion was made by the assistant United States attorney. On the 30th of July the hearingwas resumed and completed. In filing his quarterly account the commissioner charged the statutory fee for thepartial hearing on the 27th of July and an additional per diem fee for the final hearing on the 30th of July. The account when filed stated that the hearing had been continued on the respective dates on motion of defendant’s counsel and the United States attorney. The Government contends the-mere statement a continuance was granted at the request of defendant’s counsel and the United States attorney is-not sufficient showing of necessity for a continuance and the-reasons for granting the motion should be furnished it. There is no dispute the account was properly filed in the-clerk’s office or the statutory per diem fees were charged.
The amount of this claim is very small and not in proportion to the legal question involved. The real issue is-whether the administrative branch of the Government, before passing the account for fees of a commissioner of a district court, can require of him reasons, satisfactory to-the administrative branch, for acts on his part which involvethe exercise of his discretion in the hearing of criminal cases brought before him. Both of these acts on the part of the commissioner were well within the exercise of his judicial discretion, and the courts have uniformly held that when soundly used it can not be disturbed. Only the arbitrary use or abuse of this discretion can be looked into. Isaacs v. United States, 159 U. S. 487. Certainly the wrong *763 ful use of his discretion would not lie within the purview of the administrative branch of the Government, but would fall within the sphere of the appointing power, which in the case of United States commissioners is the district judge who made the appointment. There is a regular channel through which the attention of the district judge can be called to any misconduct of his appointees.
In the case of the United States v. Ewing, 140 U. S. 142, it is said by Mr. Justice Brown, p. 150:
“ While it is doubtless the duty of the commissioner to make as speedy a disposition of cases as is possible, consistent with a due regard for the interests of the Government and the protection of the accused, we held in United States v. Jones, 134 U. S. 483, that in hearing and deciding upon criminal charges he acted in a judicial capacity and we have no doubt he is invested with a discretionary power to suspend the hearing of a case where, in his judgment, a proper regard for the interest of justice requires it.”
In both instances in the case before us the commissioner was acting in his judicial capacity upon criminal charges and was called upon to exercise his discretion. In the first instance, he had to calculate and decide how long the criminal hearing he was engaged in would take. The very nature of these hearings precludes any definite and accurate calculation. Error on the greater length of time is not material but the arbitrary closing of a hearing within a certain fixed time may not be a proper regard for the interest of the Government or the accused. There has not been brought to our attention any statutory provision, or rule of court, which requires a commissioner to work any definite or regular number of hours a day. This is left to his conscience as a faithful officer of the court. When the account shows, as it does, a hearing was held by him on July 6 and a case had been postponed to the following day because of “ other business ” before him, we think it is amply sufficient to show his time during that day was so fully occupied with the hearing before him that justice to all concerned required the actual hearing of the second case to be carried over to the following day. The explanation was sufficient for the auditing department to know for what services the *764 fees charged in the account had been rendered. We think the commissioner is entitled to the fee for hearing the Guidi case on July 7, the fee for the mittimus, and the fee for entering the return in his docket.
In the second instance the commissioner charged a fee for the day to which the case had been continued, and the comptroller has disallowed this item on the ground that the mere statement in the account that the motion for a continuance was made by the defendant’s counsel or district attorney is not a sufficient explanation to audit and pass the item.
In the case of United States v. Jones, 134 U. S. 483, the court said, “With respect to motions for continuance, the granting or refusal of them is unquestionably a necessary incident to, and a part of, the hearing and determining of criminal charges; and the exercise of that power in such criminal proceedings is indispensable to the right of the accused to have a fair and full investigation of the offense charged against him and to a sufficient time for the summoning of his witnesses, as well as for the employment and consulting with counsel to aid in his defense.” In order to have his account audited and passed by the General Accounting Office we do not believe it is necessary for the commissioner to set out in detail the grounds on which the motion for a continuance was based. The granting or refusal of the motion was solely within his discretionary power. It is the business of the accounting department to make a careful investigation of all accounts, to check the calculations, examine the vouchers and see the items charged are not above the amounts allowed in the statutes, but the exercise of judicial functions in passing on the legality of the respective items belongs to another and separate branch of the Government. Dennison v. United States, 25 C. Cls. 304. To concede to the accounting department the right to require of the commissioner án explanation, which would be satisfactory to it, of his acts while acting in a judicial capacity would be a clear infringement and impairment of the right of absolute freedom from control when exercising his sound discretion. It would be equivalent to, and act as, a review of the facts and circumstances actuating him in arriving at a decision in matters which involve the exercise of the unquestionable dis *765 cretionary powers with which his office is endowed when hearing criminal cases. It would be conceding to the administrative branch a right which is not enjoyed even by the appellate courts.
The brief filed with the court on behalf of the defendant consists solely of a report of the Comptroller General to the Department of Justice requesting a vigorous defense. No authorities are cited to sustain its contentions. On its face, it is an implied confession of judgment.
Judgment for plaintiff for $11.15. It is so ordered.
Williams, Judge; LittletoN, Judge; Geeest, Judge; and Booth, Chief Justice, concur.