# UNITED STATES v. JONES.

# UNITED STATES v. GILDERSLEEVE.

# UNITED STATES v. WHEELER.

# WHEELER v. UNITED STATES.

### APPEALS FROM THE COURT OF CLAIMS.

Nos. 197, 198, 199, 525. Submitted March 18, 1904.—Decided April 4, 1904.

The making of the oath and attaching the same to the accounts of clerks of the Circuit and District Courts of the United States as required by the act of February 22, 1875, is a part of the formality of presenting the accounts and is not to be allowed against the Government in favor of the clerk.

An order of the court requiring a service to be performed is sufficient authority as between the clerk and the Government for the performance of the service and the allowance of the proper fee therefor.

Where no direction of the court can be shown charges cannot be allowed for certificates to copies of orders.

Clause 4 of § 828, Rev. Stat., does not justify charges for administering oaths on the *voir dire* of grand and petit jurors.

THE facts are stated in the opinion of the court.

*Mr. Assistant Attorney General Pradt* and *Mr. Philip M. Ashford,* for appellant, cited in addition to the cases cited in the opinion of the court, *United States* v. *Shields,* 153 U. S. 88, 91; *United States* v. *Patterson,* 150 U. S. 65, 69; *United States* v. *King,* 147 U. S. 676, 679; *United States* v. *Van Duzee,* 185 U. S. 278; *United States* v. *Dundy,* 76 Fed. Rep. 357; *United States* v. *Taylor,* 147 U. S. 695; *Singleton* v. *United States,* 22 C. Cl. 118.

On the question of jurisdiction of the cross appeal in No. 525, *United States* v. *Adams,* 6 Wall. 101; *United States* v. *Hickey,* 17 Wall. 9; *Walsh* v. *United States,* 23 C. Cl. 1.

*Mr. George A. King* and *Mr. William B. King* for the appellees in Nos. 197 and 198, cited *Butler* v. *United States,* 87 Fed. Rep. 655; *Puleston* v. *United States,* 85 Fed. Rep. 570;

106 Fed. Rep. 294; *Marsh* v. *United States,* 88 Fed. Rep. 879; 106 Fed. Rep. 474; 109 Fed. Rep. 236; 112 Fed. Rep. 929; *In re Clerks' Charges,* 5 Fed. Rep. 440; *Goodrich* v. *United States,* 42 Fed. Rep. 392; *United States* v. *Jones,* 134 U. S. 483; *McGrew* v. *United States,* 23 C. Cl. 273.

*Mr. Charles C. Lancaster,* for Wheeler, appellee in No. 199, cross appellant in No. 525, cited *United States* v. *Payne,* 147 U. S. 689; *United States* v. *McDermott,* 140 U. S. 151; *United States* v. *Finnell,* 185 U. S. 236; *Clough* v. *United States,* 55 Fed. Rep. 926.

On the question of jurisdiction of the cross appeal in No. 525, *Walsh* v. *Mayer,* 111 U. S. 31; *Cooke* v. *United States,* 2 Wall. 218; *United States* v. *Ewing,* 140 U. S. 142, 150. See also *United States* v. *Mosby,* 133 U. S. 273; *Ellis* v. *Harrison,* 104 Missouri, 280; 16 S. W. Rep. 198.

THE CHIEF JUSTICE: These are appeals from judgments of the Court of Claims in respect of services alleged to have been rendered as clerks of District or Circuit Courts of the United States. In each case the accounts for services had been duly approved by the Circuit or District Court; certain items had been disallowed by the accounting officers of the Treasury Department; thereupon these suits were brought; and the Court of Claims made findings of fact and conclusions of law. In view of the action of the two courts, and of our previous decisions, the points raised in argument do not seem to require particular discussion.

In No. 197 the judgment of the Court of Claims included, among other items, this: "Administering oaths and affixing jurats to accounts of United States marshals at ten cents for each oath and fifteen cents for each jurat, $91.20."

By the act of February 22, 1875, 18 Stat. 333, c. 95, clerks, marshals and district attorneys are required to render their accounts, duly sworn to, for approval. We agree with counsel for the Government that the making of the oath and attaching the same to the account is a part of the formality of presenting

such accounts, without which they are not properly rendered. This item, therefore, should not have been allowed against the United States in favor of the clerk. *United States* v. *Van Duzee,* 140· U. S. 169; *United States* v. *Jones,* 147 U. S. 672; *United States* v. *Allred,* 155 U. S. 591.

The judgment of the Court of Claims will be modified by the omission of this item, and, as so modified, affirmed.

In No. 198 the Government objects to the allowance of certain charges for transcript of record on writ of error in criminal proceedings, by order of court, on behalf of an indigent defendant; for services in connection with affidavits of poverty; and for issuing subpœnas for grand and petit jurors. As to the transcript, the contention is that section 878 of the Revised Statutes, providing for payment under order of court of fees and costs when defendant under indictment is without means, is exclusive, and does not cover the charge for this service. Here, again, we think the question has been settled, in effect, by what was said in *United States* v. *Barber,* 140 U. S. 164; *United States* v. *Van Duzee, supra;* and *United States* v. *Allred, supra.* It was held that an order of the court requiring a service to be performed was sufficient authority as between the clerk and the Government for the performance of the service and the allowance of the proper fee therefor.

Section 878 was originally enacted in 1846, and should not be held to operate as a prohibition to the extent contended. The indigent defendant ought not to be deprived of availing himself of his writ of error because of his poverty, and, when the court has ordered the transcript in the interest of justice, the clerk ought not to be deprived of compensation.

The same considerations dispose of the objection to the second item as to affidavits of defendants in criminal cases of inability to pay costs. And we agree with the Court of Claims in sustaining the charges for issuing subpœnas for grand and petit jurors by order of court, the charge for seals being rejected. The subject is well treated in *Martin* v. *United States,* 26 C. Cl. 160. The judgment will be affirmed.

In No. 199 counsel for United States assign error in the allowance of charges (1) for administering oaths, by order of court, to witnesses for defendants on trial in criminal cases; (2) for administering oaths to affidavits of poverty and affixing jurats; (3) for filing and entering applications for process; (4) for filing and entering motions of indigent defendants for new trial; (5) and for services rendered an indigent defendant, by order of court, in prosecution of a writ of error in a capital case. We assume that all these items relate to indigent defendants, and considering sections 828 and 878 of the Revised Statutes, the act of February 6, 1889, 25 Stat. 655, c. 113, our previous decisions, and what has just been said, we perceive no reason for declining to accept the conclusions of the Court of Claims.

No. 525 is a cross appeal from the judgment brought up in No. 199. We hold that the cross appeal lies in the circumstances, but agree with the disallowance by the Court of Claims of the items involved. Two of these items consisted of charges for certificates to copies of *sci. fa.,* and to copies of orders of court for furnishing meals to jurors. No direction of court as to such certificates was shown. The other item was for administering oaths on the *voir dire* of grand and petit jurors, and we do not think can be justified under the fourth clause of section 828. The judgment will be affirmed.

*Judgments will be entered as above indicated.*