Booth, J.,
delivered the opinion of the court:
This case is now before us on claimant’s motion to amend the findings heretofore filed, and defendants’ cross motion for a new trial.
As disclosed by the findings of this court, filed February 27, 1905, the claim was originally presented on behalf of Edwin M. Keatley, clerk of the United States Circuit and District courts for the Southern District of West Virginia, for fees earned during the period stated therein. Judgment was awarded the claimant for $79.25. The item contested in this motion by claimant is item 5; that contested by defendants is item 6, and the overruling of their counterclaim.
.Item 5 is a charge for making copies of subpoenas for witnesses whose names appear in other subpoenas. The statutes of West Virginia require that service of process shall be made by copy. The Federal court required by order that all its subpoenas should be served by copy as required by said State law, and it was in pursuance of said order that this service, was performed. We think the item allowable under the authority of United States v. Jones (193 U. S., 528).
The defendants’ contention as to item G is troublesome. It appears that joint indictments were returned against several defendants; that on motion of defendants’ counsel separate trials were granted to some of the defendants, whereupon the clerk made separate docket entries in accordance with said motion, docketing said causes the same as if though separate indictments had been returned against the parties granted separate trials.
Paragraph 10 of section 828 of the Kevised Statutes provides :
“For making dockets and indexes, issuing venire, taxing costs, and all other services on the trial or argument of a cause where issue is joined and testimony given, three dollars.”
*388 By paragraph 11 a fee of $2 is allowed where no testimony is given, and by paragraph 12 a fee of $1 is allowed where the cause is dismissed or discontinued or judgment or decree rendered without issue.
Defendants’ contention rests upon the legal signification to be attached to the word “ cause,” insisting that the trial court, by granting a severance of the one case, did not thereby 'create several distinct causes, and that the statute embraces an allowance for the one cause only.
The terms “ case,!’ “ suit,” and “ cause ” are used synonymously in statutes and judicial decisions, each term indicating a proceeding in court. The intention of the legislature in employing the term must be ascertained by reference to the contest or the whole act.- No positive rule affixing their technical meaning under all circumstances can be prescribed. The Congress in the above statute, by enumerating the details of a trial, such as issuing a venire, taxing costs where issue is'joined or testimony given, evidently employed the term “ cause ” as usually used in practice before courts. It is difficult to perceive otherwise.
In the case at bar separate and distinct proceedings were had as to the severance granted the defendants; separate and distinct docket entries must necessarily have been made as to the disposition of the separate proceedings; and for this service, indispensable in its nature, we believe the Congress intended to allow fees.
The defendants’ counterclaim, predicated upon the alleged illegal allowance for the docketing of judgments, will have to be dismissed. The services here charged for were admittedly performed by order of the court, and under the Jones ease (supra) allowable.
Claimant’s motion to amend findings will be allowed. Findings of fact and conclusion -of law heretofore filed withdrawn and judgment set aside, and new findings filed as of this date awarding judgment in favor of the claimant for $125.45.