Howry, J.,
delivered tbe opinion of the court:
. Petitioner, as an honorably discharged veteran of the civil war, was appointed to be a clerk in the pension agency at Indianapolis. Without delinquency or misconduct on his part, but in consequence of the reduction of the force of the office under a law limiting the force, he was removed from his position without the filing of written charges against him. The act of August 15, 1816 (19 Stats., 169), provided that in making reductions of force in executive departments the head of a department should retain those persons who being equally qualified had been honorably discharged from the military or naval service. The act merely gave a preference to such persons, and the power under the act was to be exercised onty as between those “ equally qualified.” Petitioner, soon after his removal, was reinstated in the civil service and became a watchman in another department on a smaller salary. Thereupon be brought an action to recover the difference between the amount he would have received had he continued in the service at the pension agency and the amount he did receive for his services as watchman in another department, upon the allegation that his removal from the clerkship was unlawful. The court dismissed the cause for reasons set forth in an opinion upon findings then filed. (44 C. Cls. R., 469.)
The questions now presented arise on the claimant’s motion for new trial, and we are asked to reverse our former decision upon the ground that claimant’s removal was accomplished upon the order of the Commissioner of Pensions, who, it is alleged, was without power to reduce the force at the pension agency by the removal of the claimant, inasmuch as that duty could only be exercised by the Secretary of the Interior.
Preliminary to any discussion of the question of the legality of the removal it should be stated that in making up the findings the court adopted one of the petitioner’s requests in full without intending to include the last paragraph of the claimant’s fifth request, which contained the allegation that petitioner was equally qualified with others to discharge the *401 duties of the office from which he was removed. The statement as it appears in the published reports, 44 C. Cls., supra, grew out of the want of a more careful revision of the printer’s copy of the findings. The inadvertence appearing-in the fifth finding is of no consequence, however, as it officially appears that claimant was removed for want of the necessary amount available to retain the full clerical force on duty at the time of the passage of an act requiring the reduction. The sixth finding of the court discloses that it was found that claimant’s habits were poor, and a subsequent finding shows the exercise .of the departmental discretion by the order of removal. The findings, as now corrected, cover the facts of the case as originally designed to be stated and published, as the notes of the court show.
There was no proof before the court to the effect that the claimant was as well qualified as those clerks who were retained. Such proof, if offered, would have been incompetent. Whether petitioner was as well qualified as others in the service who were not removed was a departmental question resting with the proper official to determine those who among the force were best qualified and to dismiss those least qualified. The matter of qualification as between the persons then employed in the service was an administrative function which the courts could neither supervise nor inquire into after the exercise of the discretion of the proper official in dispensing with the services of those adjudged to be least qualified under the law which required a reduction in the force. (Keim v. United States, 33 C. Cls. R., 174; 177 U. S. R., 290.)
The motion is rested almost entirely upon the rule long since adopted that the power to appoint and remove is discretionary in character and can not be delegated, and that since the power of appointment is confided to the head of an executive department the action of a subordinate official with respect to removal is ultra vires. (Ex parte Hennen, 13 Pet., 230; Blake v. United States, 103 U. S. R., 227; United States v. Allred, 155 U. S. R., 591.) Departmental heads may inquire, investigate, and determine by the aid'of subordinates, *402 but the final determination must be the executive head and not theirs. (7 Opins. Attys. Gen., 594; 21 Ib., 355.)
This court in Stillings case, 41 C. Cls. R., 61, held the Government liable on the ground that a quartermaster could neither dismiss a pilot from the service nor suspend him with-, out compensation for alleged dereliction of duty. It was there stated that the subordinate officer could not order another out of the public service unless the action of the inferior officer Avas sanctioned by the superior having the power to appoint and dismiss. Thus it appears that the court was strictly in line with the rule adopted b3^ the Supreme Court, and we are in entire harmony with counsel for claimant that the rule applied for Stillings’s benefit was sound.
But it does not follow that the dismissal of this claimant was illegal.
In our former opinion we adverted to several cases. (1) In Decatur v. Paulding (14 Pet., 497) it appeared that Chief Justice Taney said “ that the interposition of the courts with the performance of the ordinary duties of the executive departments might throw the whole subject of pensions into the greatest confusion and disorder.” We added that if it were true concerning pensions paid in his day, what would ensue now if the court should undertake to interfere with the executive management of pensions?
(2) In Wilcox v. Jackson (13 Pet., 498) the question was presented whether an order from an executive department was by authority of the President where the latter’s order did not appear. We added that the Supreme Court felt justified in presuming that the departmental order was with the approbation and direction of the President.
(3) In Wolsey v. Chapman (101 U. S. R., 755) it was declared that “ an order sent out from the appropriate executive department in the regular course of business is the legal equivalent of the President's own order to the same effect.”
But counsel for claimant argues that these decisions do not apply, because the rule gathered from them relates to the head of a department acting under a power vested in him directly or in the President, and can not refer to the act of *403 a subordinate as between that subordinate and the head of a department or as between the inferior officer and the President.
The Commissioner of Pensions is subject by law to the direction and control of the Secretary of the Interior. (Rev. Stats., secs. 453, 471.) Like the Commissioner of the General Land Office and the Commissioner of Indian Affairs, the Commissioner of Pensions is in charge of details of vast magnitude and under responsibility of great moment. But the rules and regulations authorized to be prescribed by the head of the department for the conduct of the business relating to pensions have the force and effect of law when not in conflict with the requirements imposed by the statutes. These regulations provide for the management and control of the business of this great subdepartment by a Commissioner of Pensions. Eeports are required from this grand division of the service to the head of the department for such action as the higher officer may take within the law, and when ratified become the act of the Secretary of the Interior. Judicial notice must be taken of these regulations and the practice of the department under them. There is a presumption when an order is “ sent out from the appropriate executive department in the regular course of business,” that such order is with the knowledge and approval of the Secretary, unless the contrary appears. Certainly; as these matters are officially reported and there is no revocation of the action taken approval is presumed, and acquiescence' becomes the legal equivalent of an order of the head of the deyartment.
It can not be assumed from this record that the Secretary of the Interior was without knowledge of what was done at the time the claimant was removed and that he did not sanction the act of the commissioner in determining who were best qualified to continue in the service under the limited appropriation among those employed at the pension agency at Indianapolis.
Motion denied.