Ex parte **NELSON.**

No. 2360–A.

First Division, Juneau.

Jan. 8, 1924.

Harry Roden, of Juneau, for petitioner.

J. W. Harding, U. S. Atty., of Juneau, for respondent.

REED, District Judge.

The petition of Jacob Nelson for a writ of habeas corpus is before me on the demurrer thereto filed by the United States attorney. The petitioner's claim is that he is unlawfully imprisoned by the United States marshal under a void judgment rendered by William G. Thomas, commissioner and ex officio justice of the peace for the Wrangell precinct in the First division of the territory of Alaska, in that the said Thomas rendered judgment against the petitioner and sentenced him to imprisonment at a place without said Wrangell precinct and within the Petersburg precinct of the First division of the territory.

The petition and the demurrer thereto directly raise the question whether a commissioner as ex officio justice of the peace has jurisdiction to hear, try, and determine a criminal action *without* the precinct to which he is appointed and in which he resides.

Counsel for petitioner cites, in support of his contention that a commissioner, as a justice, has no authority to hold a justice court without the precinct for which he is appointed, section 1532 of the Compiled Laws of Alaska (1913). This section reads that a justice's court is a court held by a commissioner as ex officio justice of the peace within the precinct for which he may be appointed. And, by reason of this statute, petitioner contends that a justice cannot hold a justice court without the precinct of his appointment, and therefore that the judgment and sentence rendered by William G. Thomas, commissioner of the Wrangell precinct, in the Petersburg precinct, is coram non judice and void.

On the other hand, the United States attorney contends that such judgment is regular and valid, and cites in support of his position section 428 of the Compiled Laws, which provides that precincts shall bear such name and number as the court in the order of creating them may designate, and that precinct lines shall only be regarded for the purpose of convenience in fixing identity, but shall not be limitations on the jurisdiction of commissioners as established by law. He also cites section 366 of the Compiled Laws Alaska 1913 (48 U.S.C.A. § 104) providing for the appointment and removal of the commissioners in and for the district by the judge of the division, and that such commissioners shall have jurisdiction conferred by law in any part thereof, but shall reside during their terms of office in the places designated in the respective orders of appointment. He further cites section 2517 of the Compiled Laws providing that, in addition to the commissioners appointed by the President of the United States, in pursuance of law, the judge of the District Court may appoint commissioners who shall reside at such places as he may designate in the order of appointment, and who shall perform the duties and exercise the powers conferred upon justices of the peace by this act.

Section 366 of the Compiled Laws, above cited, further provides (48 U.S.C.A. § 108) that the commissioners shall be ex officio justices of the peace, recorders, and probate judges, and shall perform all the duties and exercise all the powers, civil and criminal, imposed or conferred on United States commissioners by the general laws of the United States and the special laws applicable to the territory; that they shall have the power to grant writs in habeas corpus, and shall also keep a record of all fines and forfeitures received by them and pay the same over quarterly to the clerk of the court.

The argument in behalf of the petitioner is, in substance, that the commissioners appointed by the court are invested by the order of appointment with several distinct and coordinate powers. They are invested with power to act

as United States commissioners and perform the duties required and authorized by the general laws of the United States as such United States commissioners. They may act as committing magistrates under the laws of the territory for violations of the laws specially applicable to the territory. This authority is distinct from their authority as United States commissioners. They may also act as justices of the peace and try criminal cases involving offenses not felonious, denounced by the laws of the territory; and as justices of the peace they may try civil' cases within their jurisdictions as prescribed by law.

Under section 366 and section 428 of the Compiled Laws, the jurisdiction of a commissioner, as commissioner or as committing magistrate, would extend throughout the district; yet counsel for petitioner contends, as a trial court of offenses against the territorial laws, his court, as a justice court, must, under section 1532, be held within the precinct for which the commissioner is appointed; otherwise the definition of a justice court as specified in that section would be of no force and effect.

The contention of counsel for petitioner is very plausible, and there is, as frankly stated by him, no direct authority on the point.

██ United States commissioners are subordinate officers of the District Courts of the United States, and their territorial jurisdiction is coextensive with the district for which they are appointed. Their powers are circumscribed, and a United States commissioner is not a court in a strict sense, although he is endowed with quasi judicial powers by certain provisions of law enacted by Congress. A United States commissioner is an adjunct of the court appointing him, but he is neither a judge nor a court, but acts in a quasi judicial capacity under such authority as may have been specially conferred upon him by Congress. United States v. Allred, 155 U.S. 591, 15 S.Ct. 231, 39 L.Ed. 273; Grin v. Shine, 187 U.S. 181, 23 S.Ct. 98, 47 L.Ed. 130; Todd v. United States, 158 U.S. 278, 282, 15 S.Ct. 889,

39 L.Ed. 982; In re Perkins (D.C.) 100 F. 950; United States v. Tom Wah (D.C.) 160 F. 207. Commissioners appointed by the judges of Alaska, therefore, in so far as their actions are confined to the performance of their administrative duties, are under the control and direction of the District Court as an adjunct thereof; they thus may exercise their functions wherever directed by the court within the district. Also, when acting as justices of the peace under the provisions of law cited, they have jurisdiction throughout the district for which they are appointed. The question, then, is solely *whether they are restricted, in holding a justice court, to the precinct for which they are appointed.*

By the Act of Congress of May 17, 1884 (23 Stat. 24), providing a civil government for Alaska, it was enacted that the President should appoint four commissioners in and for the district of Alaska who should have the jurisdiction and powers of the commissioners of Circuit Courts of the United States in any part of the district, but who "shall reside, one at Sitka, one at Wrangel, one at Oonalashka, and one at Juneau City." Section 5. It was further provided therein that such commissioners "shall exercise all the duties and powers, civil and criminal, now conferred on justices of the peace under the general laws of the State of Oregon" so far as the same might be applicable in said district and not in conflict with the act or the laws of the United States. They were also endowed with jurisdiction in probate matters; their courts as such probate courts to be opened at stated times, and be courts of record with the seal. They were also invested with the power to grant writs of habeas corpus which, when granted by them, should be returnable to the District Court. They were also granted notarial powers, and, as commissioners, were required to pay over quarterly all fines and forfeitures received by them to the clerk of the court. This Act of May 17, 1884, is the foundation of all the other special acts of Congress with reference to commissioners in the territory.

By the Act of Congress of March 3, 1899, providing a Criminal Code and a Code of Criminal Procedure (30 Stat. 1253), the judge of the District Court was authorized to appoint commissioners in addition to those appointed by the President of the United States, who should perform the duties and exercise the powers conferred upon justices of the peace by the act. Section 408. This provision of the statute is incorporated under section 2517, Compiled Laws of Alaska (1913), above cited.

By the Act of March 3, 1899, also provision was made for the trial of criminal actions in the justice courts by justices of the peace. Comp.Laws Alaska 1913, § 2520 et seq. At this time all civil actions were to be tried by the court according to the Code of Civil Procedure of the state of Oregon. So it must be concluded that, under the provision of the Act of March 3, 1899, the territorial jurisdiction of commissioners appointed by the judge was co-extensive with the district, and they might hold justice courts at any place therein.

On June 6, 1900 (31 Stat. 494), the act making further provision for the civil government of Alaska was passed, and by the provisions of this statute it was made the duty of the District Court to establish precincts throughout the district or the division for which appointed, and by said act it was further enacted that the boundaries of such precincts should not be limitations on the jurisdictions of commissioners. This provision of the statute is now incorporated under section 428 of the Compiled Laws, above referred to.

By the same Act of June 6, 1900, section 1530 of the Compiled Laws (1913) was enacted, which vested the judicial power of Alaska in a District Court and in commissioners acting as probate judges and in commissioners acting as ex officio justices of the peace; also by the same act section 1532, above quoted, and which is the basis of the contention of the defendant, was enacted, to the effect that a justice court is a court held by the com-

missioner as ex officio justice of the peace in the precinct for which he is appointed.

Section 1532 was taken from the Code of Civil Procedure of the state of Oregon, and had reference in that state to civil actions only triable by justices. The criminal procedure and jurisdiction of justices in the state of Oregon was provided for by a different act, which provided that a justice court shall have jurisdiction of crime committed or triable within the respective counties. See Code Or. 1930, § 16-103.

Thus, in Oregon, at the time of the passage of the Act of Congress of May 17, 1884, conferring on commissioners to be appointed by the President the duties and power of justices as prescribed by the General Laws of Oregon, a justice of the peace in Oregon had jurisdiction and might try criminal actions in any place in the county; and thus, under the laws of Oregon (there being no counties in the territory of Alaska), a justice of the peace might hold court and try cases anywhere in the district of Alaska—that is to say, the commissioners appointed by the President as ex officio justices of the peace might try cases anywhere in the district. As before stated, the Act of March 3, 1899, did not, in any way, affect the power of commissioners as justices to try cases anywhere in the district.

■ ■ The Act of June 6, 1900, must be considered as supplemental to the Act of March 3, 1899, and the two must be construed together as being both in force. In my opinion a commissioner cannot try civil cases outside the precinct for which he was appointed, and I am very doubtful, because of the provisions of section 1532, whether he can, of his own volition and motion, leave his precinct and hold a justice court in any precinct to try criminal cases when there is a duly qualified and acting resident commissioner therein. Such practice would lead to confusion, controversy, and conflict of jurisdiction, which should be condemned.

However, when the commissioner of a precinct is absent from his precinct, or through other cause he is prevented from acting or is under a disability that prevents him from acting as a justice, there is no reason why the judge of the District Court should not assign or direct the commissioner as a justice of the peace from another or adjoining precinct to hold court in his place. The power is vested in the District Court, at his pleasure, to appoint and remove commissioners, and, by virtue of such power, he may designate the boundaries of the precincts and place of residence of the commissioner therein. He may limit the power of a commissioner and his authority to act in the order of appointment, and no reason can be shown why, by virtue of the powers invested in the court, the court may not authorize a commissioner as a justice of the peace, in the absence of the regularly appointed commissioner, or his disability, to act as a justice of the peace and hear, try, and determine cases in a precinct other than the one to which he is appointed.

In this case, on the 15th of July last, owing to the absence of the regularly appointed commissioner of the Petersburg precinct from such precinct, and pending the appointment and approval of the bond of a temporary appointee therein, this court by telegram directed the commissioner of the Wrangell precinct to proceed to Port Alexander, an isolated place within the Petersburg precinct and, as a justice of the peace, to hear and try offenders for violations of the law in that place. This was a special appointment of the commissioner of the Wrangell precinct to try such offenders of the law as might be found at the place named, within the Petersburg precinct.

One of the foundations of criminal law is that the accused be tried in the vicinity or county in which the offense was committed, and that he shall have a trial, if such is demanded, by a jury of his peers drawn from the neighborhood; and, in the absence of the regularly appointed commissioner, it appears to me that it is within the power of the judge of the District Court, in his discre-

tion, to appoint or designate a commissioner of another precinct as justice of the peace to hear and try criminal cases in the precinct from which the commissioner is absent or otherwise unable to act.

From the foregoing, my conclusions are:

(1) That the jurisdiction of a commissioner as ex officio justice of the peace extends through the division in which he is appointed.

(2) That commissioners are adjuncts of the District Courts, with additional powers as justices of the peace.

(3) That the District Court, having power of appointment and removal of commissioners as justices of the peace, may designate where they will perform their duties, both as commissioners and as justices.

(4) That, in case of disability or absence of a regularly appointed commissioner of a precinct, the court may, in his discretion, appoint another commissioner, from another precinct, to discharge the duties of the absent or incapacitated commissioner.

(5) That the commissioner of the Wrangell precinct had been authorized and directed, by reason of the absence of the regularly appointed commissioner of the Petersburg precinct, to proceed to Port Alexander, within the Petersburg precinct, and there hold a justice court, and try thereat offenders against the law.

(6) That the commissioner so authorized by the court had jurisdiction of the offense and had territorial jurisdiction to try the case and had jurisdiction over the person of the petitioner; and, when petitioner pleaded guilty to the offense charged, said commissioner had authority, as justice of the peace, to sentence the petitioner for his violation of the law.

This being so, it is my opinion that the petition for the writ should be denied.